Kurtz, Appellant, vs. Pauly and another, Respondents.

*October 9—October 27, 1914.*

*Landlord and tenant: Liability for injuries caused by defects in leased premises: Knowledge of landlord: Evidence.*

1. In an action by the lessee of an upper flat for injuries caused by the falling of a balcony, a finding by the jury that when defendants leased the premises to plaintiff they knew the balcony was not reasonably safe for the purposes for which it was intended to be used, is *held* to be without support in the evidence.

2. A tenant takes leased premises in the condition in which they happen to be when leased, and the landlord is not liable to the tenant for injuries resulting from lack of repair unless he has contracted to repair, or unless the defect be a concealed one known to the landlord and not disclosed to the tenant and not discoverable by the latter by the use of that degree of care which the law demands.

3. The tenant is at law required to exercise the same degree of care to discover the dangerous condition of the premises he leases as is required of the landlord.

Appeal from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries sustained through the falling down of a small balcony or platform located at the rear of an upper flat.

On August 2, 1913, the plaintiff, a widow, with her family of three children occupied the upper flat at 633 Seventh street, in the city of Milwaukee, of which the defendant *Caroline Pauly* was the owner. The defendant *L. C. Pauly, Jr.,* had full charge and control over the handling and renting of the property. Attached to the rear of the building was a small platform or balcony with a railing around it. The plaintiff had used this platform as an airing place for clothes, and on the day of the accident she had a mattress upon it, and when she and her son endeavored to bring in the mattress the platform gave away and fell to the ground, causing injuries to the plaintiff. The balcony was from

twelve to fourteen feet from the ground. It had been repaired three years prior to the time of the accident. There is a conflict in the testimony as to the condition of the material composing it; the defendant *L. C. Pauly, Jr.*, and others testifying in effect that the material was in good condition at the time of the accident, while Fred W. Massman, an inspector of buildings in the city of Milwaukee, testified that in his opinion the timbers were not in good condition and that some of the nails were rusted and corroded and pulled out, and further that the supports had too many nails driven through them, which tended to weaken them. Because of the injuries the plaintiff was incapacitated for work for over two months and has not been able to earn her former salary since.

This action was first brought in the civil court of Milwaukee county and tried to the judge and jury, and the jury found by special verdict (1) that the balcony was not reasonably safe for the purposes for which it was intended when the premises were leased to the plaintiff; (2) that the defendants did know of such unsafe condition at the time of leasing the premises; (3) that neither the defendants nor any person for them warned the plaintiff of the unsafe condition of the balcony; (4) that such failure to notify the plaintiff of the unsafe condition of the balcony was the proximate cause of the injury; (5) that the plaintiff in the exercise of ordinary care could not have discovered the unsafe condition of the balcony; (6) that the plaintiff was not guilty of any want of ordinary care that proximately contributed to her injuries; (7) that the plaintiff was damaged to the extent of $1,100.

The civil court awarded the plaintiff judgment on the special verdict for the damages found and for costs, and denied defendants' motion for judgment in their favor.

The defendants appealed to the circuit court for Milwaukee county, and from an order of the circuit court reversing

the judgment of the civil court and ordering judgment dismissing the plaintiff's complaint upon the merits with costs, and from the judgment entered pursuant to such order, the plaintiff appeals.

For the appellant there was a brief by *Lehr, Kiefer & Reitman*, attorneys, and *J. Elmer Lehr*, of counsel, and oral argument by *J. Elmer Lehr*. They contended, *inter alia*, that a landlord is liable to his tenant for damages that may result from the unsafe and dangerous condition of the premises leased, when that was known or with reasonable care and diligence might have been known to the landlord, but not to the tenant, although the latter examined the premises and did not discover the defect. 53 Cent. Law Jour. 246; *Hines v. Willcox*, 96 Tenn. 148, 33 S. W. 914, 34 L. R. A. 824; *Moore v. Parker*, 63 Kan. 52, 64 Pac. 975; *Edwards v. N. Y. & H. R. Co.* 98 N. Y. 245; *Coke v. Gutkese*, 80 Ky. 598.

For the respondents there was a brief by *Leon B. Lamfrom*, attorney, and *Alvin Tighe*, of counsel, and oral argument by *Mr. Lamfrom*.

SIEBECKER, J.    The jury by their special verdict found that the balcony was not in a reasonably safe condition for the uses for which it was intended when the plaintiff leased the premises and that the defendants had knowledge of this unsafe condition at the time they leased the premises to the plaintiff. The trial judge of the civil court refused to set aside these findings of the jury and awarded plaintiff judgment for the recovery of the damages found. The circuit court on appeal set aside this judgment upon the ground that the evidence reported in the record did not sustain the findings of the jury that the defendants had knowledge of the unsafe condition of the balcony when they leased the premises to the plaintiff. An examination of the record shows that the defendant *L. C. Pauly, Jr.*, was the agent of *Caroline Pauly*, the owner of the premises, and that he as

such agent handled the premises, collected the rents, and had full charge of the property. It appears that he had charge and control of keeping the building in repair and that he caused it to be repaired three years prior to this accident; that he called at the house monthly to collect the rent, and that on such occasions he observed the general condition of the building. He testified that he knew of no latent defect in the structure which he concealed from the plaintiff. This is not disputed in the evidence, unless the circumstances of the case tend to show that he in fact had knowledge of the insecure condition of the balcony. It is claimed that the circuit court erred in setting aside the jury's finding to the effect that the owner or her agent had knowledge of the unsafe condition of this balcony. It appears in the evidence that the defendant *L. C. Pauly, Jr.,* as *Caroline Pauly's* agent, did have knowledge of the structure of the balcony, but there is no evidence tending to show that he knew of any defect in the material or in the manner it was constructed, unless it can be said that knowledge of its structure, of the nature and kind of material composing it, and the way it was attached to the side of the building, constituted information which afforded him actual knowledge of a hidden defect as to its safety. The evidence in the case does not tend to establish that the balcony structure was so obviously defective in its construction that any person of ordinary intelligence should observe and discover that it was insufficient for the purpose for which it was built. Nor is it shown that the material used, if sound, or the plan of its construction would not furnish a reasonably safe structure for the purposes intended. It appears that it had been in use for years and was sufficient to hold up the weights ordinarily placed upon it. There is no evidence that the way the structure was attached to the building was so unusual as to apprise the defendants that it was defective and unsafe. It is furthermore contended that the jury were justified in finding that *Pauly,* the agent, had actual knowledge of the

defects of the balcony upon the ground that the facts and circumstances show such a decayed and worn condition of the material that he must have obtained knowledge thereof at the times he observed it after the plaintiff occupied the house.   The only evidence on this point is the statements of *Pauly* and the witness Massman and the appearance of the balcony after it had fallen.   *Pauly* testifies that he observed the material in the structure before it fell and that from its external appearance it looked sound, and that the structure looked all right and was as good as it had been.   The witness Massman testifies that he, as building inspector, examined the parts of the material that remained attached to the building after the accident.   He states that this examination consisted in observing the parts remaining attached to the house as he stood on the ground and looked at them about fourteen feet above him.   In his opinion, from this observation, he believed the structure was insecure because the material had become defective.   This opinion evidence has no probative force, for the reason that it is based on too slight, if any, inspection to acquire any actual knowledge on the subject.   His opinion evidence is so contradictory that it furnishes no basis for an inference.   The evidence descriptive of the material after the accident, aside from Massman's opinion evidence, is to the effect that it was sound and all right.   An examination of the whole record fails to disclose any evidence tending to show that the agent, *Pauly,* had actual knowledge of any defective condition of the material or of the insecurity of the structure.   Under those circumstances the owner is not liable for injuries resulting to the plaintiff, the tenant of the premises.   The rule of liability in cases of this nature is stated in *Anderson v. Hayes,* 101 Wis. 538, 77 N. W. 891, in the following terms:

"The principle is well settled that a tenant takes leased premises in the condition in which they happen to be when leased, and that the landlord is not liable to the tenant for

injuries resulting from lack of repair unless he has con-
tracted to repair, or unless the defect be a concealed one
known to the landlord and not disclosed to the tenant and
not discoverable by the use of that degree of care which the
law demands. . . ."

The opinion approves the holding in *Cowen v. Sunder-
land,* 145 Mass. 363, 14 N. E. 117, that damages to the
lessee from concealed defects which are known to the lessor
and unknown to the lessee may be made the foundation of
an action for injuries sustained by the lessee. This prin-
ciple excludes the idea that the lessor may be held liable for
defects' which in the exercise of reasonable care he could
have discovered and guarded against injury to the tenant,
for the reason that the tenant is in law required to exercise
the same degree of care to discover the dangerous condition
of the premises he leases as is required of the landlord.
The evidence, in our opinion, wholly fails to sustain the find-
ing of the jury that the defendants at the time of leasing the
premises to the plaintiff knew that the balcony was not rea-
sonably safe for the purposes for which it was intended to
be used. The circuit court properly awarded judgment dis-
missing the plaintiff's complaint.

*By the Court.*—Judgment affirmed.

TIMLIN, J., dissents.