Davis v. Manning.

MARY J. DAVIS, APPELLEE, v. PATRICK MANNING, APPELLANT.

FILED JANUARY 29, 1915.   No. 17,926.

1. **Limitation of Actions: AMENDMENT OF PETITION.** If a plaintiff amends his petition, and introduces a new cause of action therein, the statute of limitations will continue to run against such new cause of action until it is brought into the issues. But if the substance of the cause of action stated in the original petition is retained, the filing of the original petition and service of summons therein will stop the running of the statute as to such cause of action.

2. **Appeal: VERDICT: EVIDENCE.** Although the evidence of facts necessary to support the verdict of a jury is not conclusive, so that it seems probable that the court might have arrived at a different conclusion, still, if there is substantial evidence of all facts necessary to support the verdict, the judgment thereon cannot be set aside by this court, unless upon the whole record it appears that the verdict is clearly wrong.

3. **Landlord and Tenant: DEFECTIVE PREMISES: LIABILITY OF LANDLORD.** If a landlord rents a house in a dangerous condition, and knows at the time, or ought to know from facts within his knowledge, that it is dangerous, and such dangerous condition is not known to the tenant, and the conditions are such that an ordinarily prudent person, situated as the tenant was, would not know the danger, the landlord is liable for damages caused to the tenant, without fault on her part, by reason of such dangerous condition.

4. ———: ———: INJURY TO TENANT: SUFFICIENCY OF EVIDENCE. The evidence, indicated in the opinion, is found sufficient to support the verdict.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Gurley & Woodrough* and *Dunham & Aye,* for appellant.

*W. W. Slabaugh* and *John W. Battin,* contra.

SEDGWICK, J.

In December, 1906, the plaintiff, who was then living in a house in Omaha, which she rented from the defendant Patrick Manning, fell on the kitchen floor. A little less than four years thereafter she began this action in the district court for Douglas county against Manning and the agents who had assisted him in renting the property and collecting the rents. A demurrer was filed to her first petition and sustained, and afterwards she filed an amended petition. In this amended petition she alleged that she rented the house from the defendant Manning through his agents, the other defendants, and that a part of the floor of the kitchen, near the stove, was in a dangerous and defective condition; that the "under portion of the boards of the floor were rotted, leaving but a thin upper part solid and apparently strong; that the floor at said place was near to the ground; that the defendants, and each of them, knew, and should have known by the exercise of reasonable diligence, of the dangerous and defective condition of said floor at said place; and that the defendants, and each of them, fraudulently failed to notify the plaintiff of the defective and dangerous condition of said floor at said place; that defendant Manning constructed said building about the year 1875, lived in it for many years, and knew of the nearness of the floor to the ground, and that the under parts of said floor would rot;" that she did not know the condition of the floor; and that "while she was preparing her breakfast, and was standing near the front of her stove and the door into

said pantry, and was about to step from the stove to the said pantry, and while plaintiff was standing on said floor whereof the boards were, as aforesaid, rotten, defective and dangerous, a part of one of the floor boards broke through, causing a hole about 7 by 2½ inches in size, into which the heel and a portion of plaintiff's left foot passed, thereby throwing plaintiff, while the heel of her foot remained in said hole, onto the floor on her left side, thereby crushing and bruising her left side, and fracturing and breaking her left thigh bone, and fracturing two of the lower ribs on her left side," and other injuries. The defendant Manning denied these allegations, and alleged that the house was well built and of good materials, and that "said plaintiff had occupied and lived in said house since about the 1st day of May, 1905, and for a long time prior thereto, and that the condition of said premises was fully known to plaintiff and was open and obvious to her during all of said times; * * * that the injuries, if any, which plaintiff received arose from and were due to dangers and risks which were open and obvious and known to plaintiff and assumed by her; * * * that the injuries, if any, received by plaintiff were occasioned by and due to her own negligence and want of care." The other defendants were dismissed from the case by the court. There was a verdict in favor of plaintiff and against the defendant Manning, and judgment was entered thereon, and the defendant has appealed.

1. The first objection urged is that the plaintiff's action was barred by the statute of limitations, the amended petition having been filed more than four years after the alleged cause of action accrued. There·is no merit in this contention. The amendment of the petition consisted in omitting an allegation of defects in other parts of the kitchen floor than the part where the plaintiff was injured, and omitting an allegation of the plaintiff's knowledge of those defects. There was no change in the cause of action, and it must be deemed to have been begun upon the filing of the first petition.

2. The principal contention is that the verdict and judgment are not supported by the evidence. The evidence was, and it appears to be conceded, that the defendant built this house about 25 years before the accident happened, and that it was well built and of good materials, and that it was supposed by the defendant that the kitchen floor was in a safe condition. There was, however, evidence from which the jury might find that at the time alleged in the petition the plaintiff was engaged in her ordinary household occupation in the kitchen, and, in attempting to go from the stove to a pantry close by, her foot broke through the floor, causing her to fall; that she was unable to remove her foot from the break in the floor and was released by her daughter and another woman; that she suffered injuries substantially as alleged in her petition; that the kitchen was a one-story addition to the main part of the house; that the kitchen floor was near the ground, and the space under the floor was inclosed with a wall and was without any ventilation, and that the drainage of a part of the yard was toward the house, so that it might be anticipated that the space below the floor would be in a damp condition; that the defendant built his house himself and knew of these conditions. The defendant contended that the plaintiff must have slipped or stumbled on the floor, which was the cause of her fall; that the floor was made of first-class hard white pine lumber and was in sound condition, and could not have broken through with the plaintiff. He produced some of the boards of the floor in evidence. They were identified by the reporter, and upon examination appeared to be sound and in good condition. There is, however, substantial evidence, as we have said, by at least three witnesses that there had been openings in other parts of the kitchen floor which had been covered with tin, and that the floor at the place where the accident occurred was smooth and appeared to be sound upon the surface, but gave way under the weight of the plaintiff as alleged, and upon examination was found to be damp and soft on the under side and so decayed as to in fact have but little

strength. There was evidence that the plaintiff did not know, and had no means of knowing, the unsafe condition of the floor at the place where the accident occurred. The defendant contended that he had no knowledge that the floor was in an unsafe condition.

The court instructed the jury that, in order to recover, the plaintiff must prove by a preponderance of the evidence, among other things: "That the defendant knew of said defect in said kitchen floor at the time of the last leasing of said premises, or should have known of the defect in said floor by the exercise of reasonable care in observing the natural law of decay of said kitchen floor." The plaintiff's contention was that the defendant, having built the foundation under the kitchen as he did, without ventilation and with the floor so near the ground and with the conditions making it possible that there would be dampness under the floor, if he had taken notice of "the natural law of decay" he would have known, or ought to have known, that the floor was in an unsafe condition. The defendant contends that this issue was not plainly and fairly submitted to the jury. The language of the instruction above quoted was substantially taken from instructions requested by the defendant, and there is nothing in the record, so far as we have observed, that indicates that the jury failed to comprehend the precise questions of fact that were controverted by the parties and upon which their verdict must depend.

The plaintiff's original petition was in evidence, and it contained the allegation that in other parts of the floor there were cracks and openings, and that she had requested the defendant's agents to repair the same. The defendant contends that this proves that the plaintiff had notice of the condition of the floor, and was therefore guilty of contributory negligence. The plaintiff in her evidence at the trial testified that she knew that these cracks existed in other parts of the floor and that they had been repaired, but she insisted that she did not know that it was because of any decayed condition of the floor that these cracks existed, and this question of the plaintiff's knowledge of the

condition of the floor appears to have been fairly submitted to the jury.

The defendant has furnished us with an extensive and interesting brief. It discusses several questions of law which seem to be sound. These questions are not controlling here. If the landlord rented the house in a dangerous condition, and knew at the time, or ought to have known from facts within his knowledge, that it was dangerous, and such dangerous condition was not known to the tenant, and the conditions were such that an ordinarily prudent person, situated as the tenant was, would not have known the danger, the landlord is liable for damages caused to the tenant, without fault on her part, by reason of such dangerous condition. These things appear to have been found by the jury in the plaintiff's favor. It must be conceded that upon some of these questions of fact the plaintiff's evidence was not conclusive; but, as has often been decided, we cannot set aside a verdict of the jury because it seems probable that the court might have arrived at a different conclusion upon the facts presented. If there is substantial evidence supporting the findings of the jury, their verdict must be conclusive, unless upon the whole record it appears that it is clearly wrong.

We cannot say that the verdict of the jury is not supported by the evidence, and, no reversible error appearing in the record of the trial of the case, the judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., and LETTON, J., not sitting.