Note.—See under (1) 29 C. J. p. 783 §2 (Anno). (2) 24 C. J. p. 1149 §357; 29 C. J. pp. 1011 §502; 1016 §508; 1024 §517; anno. 4 L. R. A. (N. S.) 390; L. R. A. 1917C, 370; 13 R. C. L. p. 666; 3 R. C. L. Supp. p. 71. (3) 29 C. J. p. 1024 §517. (4) 24 C. J. p. 1149 §357: 29 C. J. pp. 1011 §502; 1024 §517. (5) 29 C. J. pp. 781 §1; 825 §95 (Anno) : 1017 §508 (Anno) : 1024 §517. (6) 24 C. J. p. 1149 §357: 29 C. J. pp. 1011 §502; 1043 §556. (7) 29 C. J. p. 1043 §556.

---

## LAVERY v. BRIGANCE et al.

No. 14847—Opinion Filed Sept. 15, 1925.

(Syllabus.)

1. **Trial—Demurrer to Evidence — Effect— When Proper.**

A demurrer to the evidence admits all of the facts which the evidence reasonably tends to establish, and all the inferences and conclusions which may reasonably be drawn therefrom; but, where the evidence introduced is insufficient to sustain a ver-

dict or judgment in favor of the party introducing the evidence, it is not error for the court to sustain a demurrer to such evidence.

**2. Landlord and Tenant — Suitableness of Premises—Implied Warranty.**

In the absence of a statute, or an agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are demised.

**3. Same — Rule of Caveat Emptor as to Lease—Nonliability of Landlord for Injuries from Latent Defects.**

In the absence of warranty, deceit, or fraud, the rule of caveat emptor applies to leases of real estate, the control of which passes to the tenant, and it is the duty of the tenant to make examination of the demised premises to determine their safety and adaptability to the purposes for which they are hired. Hence, for personal injuries received by him from latent defects therein, of which the landlord had no knowledge at the time of the lease, the latter cannot be held responsible.

**4. Same—Statutes Controlling.**

For failure of the lessor of a building, intended for the occupancy of persons, to comply with section 7370, Comp. Stats. 1921, providing that it be placed in fit condition and for subsequent repair, the lessee is confined to the remedy provided in section 7371, Comp. Stats., and said noncompliance gives no right of action for personal injuries resulting therefrom.

Error from District Court, Okmulgee County; Guy F. Nelson, Assigned Judge.

Action by Helen B. Lavery against J. C. Brigance and H. Eichenberger, copartners doing business under the firm name and style of Brigance & Co., Okmulgee Gas Company, a corporation, W. T. Foley, and Julia Foley. Judgment for defendants, and plaintiff brings error. Affirmed.

Cochran & Ellison and Charles A. Dickson, for plaintiff in error.

McCrory & Monk and A. L. Emery, for defendants in error.

PHELPS, J. The plaintiff, Helen B. Lavery, brought this action against Eichenberger and Brigance, the Okmulgee Gas Company, and W. T. Foley and Julia Foley, husband and wife, for damages for personal injuries. A trial was had, and at the conclusion of plaintiff's testimony the court sustained the demurrers of the Okmulgee Gas Company and W. T. and Julia Foley. From the action of the trial court in sustaining the demurrer of the Foleys, this appeal is taken. For convenience the parties will be referred to as in the trial court.

The facts as disclosed by the record are substantially as follows: In August, 1919, the plaintiff rented from the Foleys, under an oral lease, a three-room house in Okmulgee, Okla. She purchased a gas cook stove from Eichenberger and Brigance, which the said dealers were to set up, ready for use, in said house. She was 32 years old and had always used gas for fuel purposes. When the stove arrived, she directed that it be placed in the kitchen where the former stove had been, and they, at her request, rolled back the linoleum, and found a hole large enough for a gas pipe, in the floor a few inches from the stove, which hole had been used in connecting the former stove. An examination after the fire showed an uncapped gas pipe under this hole in the kitchen, and the wood around it was charred. She told the men to connect the stove to it. Brigance, however, bored a hole through the wall to the adjoining room, and connected the stove to a pipe there, and did nothing to the hole near the stove. The plaintiff did not contemplate their doing this, but she was present all the time and made no objection. The workmen then turned on the gas and tested it, but none of them heard or smelled any escaping gas. Foley came by that afternoon, saw the stove after it had been set up, but made no inspection, nor was the stove lighted while he was there. Plaintiff left the house about 6:30 that afternoon and returned about 9 o'clock, but did not notice any gas escaping. The windows in the kitchen were closed, and the next morning while she was lighting the stove there was an explosion of gas which burned her badly, set the house on fire, and damaged her belongings.

The plaintiff urges that the court erred in sustaining the demurrer of the Foleys to the evidence. A demurrer to the evidence admits all of the facts which the evidence reasonably tends to establish, and all the inferences and conclusions which may reasonably be drawn therefrom; but, where the evidence introduced is insufficient to sustain a verdict or judgment in favor of the party introducing the evidence, it is not error for the court to sustain a demurrer to such evidence. Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 222 Pac. 686; Farmers State Bank v. Jordan, 61 Okla. 15, 160 Pac. 53.

Then let us consider the evidence in the light of this demurrer, which questions the sufficiency thereof. The plaintiff alleged that defendants Foley were guilty of negligence in that they rented to her a house "unfit for human occupation," in that there

was an open and uncapped gas pipe beneath the floor of the kitchen, which fact was known at the time to the defendants, but not to the plaintiff, and that this pipe caused the explosion. The plaintiff was holding under an oral lease containing no warranties as to the condition of the house. It is a well-recognized principle of law that, in the absence of a statute, or an agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are demised. Horton v. Early, 39 Okla. 99, 134 Pac. 436, Ann. Cas. 1915D, 825, 47 L. R. A. (N. S.) 314; Enterprise Seed Co. v. Moore, 51 Okla. 477, 151 Pac. 867.

The premises here were in the possession of the plaintiff. Her employes connected up the gas stove, under her supervision. She saw them make the connections and tests, and turn on the gas. She saw the hole through which the pipe had been run to the stove, saw them disregard it and made no inquiry or complaint. There is no evidence to show and no inference can be drawn to show that the defendants knew of this defect, which was so easily noticed by the plaintiff and her employes, and furthermore, no facts nor circumstances are shown whereby such knowledge could be imputed to these defendants. The rule has been repeatedly announced that, in the absence of warranty, deceit, or fraud, the rule of caveat emptor applies to leases of real estate, the control of which passes to the tenant, and it is the duty of the tenant to make examination of the demised premises to determine their safety and adaptability to the purposes for which they are hired. Hence, for personal injuries received by her from latent defects therein, of which the landlord had no knowledge at the time of the lease, the latter cannot be responsible. Walsh v. Schmidt, 206 Mass. 405, 92 N. E. 496, 34 L. R. A. (N. S.) 798; Kurtz v. Pauly, 158 Wis. 534, 149 N. W. 143; Davis v. Manning, 98 Neb. 707, 154 N. W. 239. Also see notes in 34 L. R. A. (N. S.) 798, 48 L. R. A. (N. S.) 917, L. R. A. 1916 D, 1224, L. R. A. 1918 E, 218. Clearly under this view the plaintiff failed to make out a case against these defendants.

Plaintiff further urges that the defendant was guilty of negligence in failing to comply with section 7370, Comp. Stats. 1921, which is as follows:

"The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence."

Apparently this court has not construed this section as applied to a dwelling house. Section 7371, Comp. Stats. 1921, the companion statute to section 7370, supra, is as follows:

"If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

It is the plaintiff's contention that under these statutes it was defendants' duty to make the house "fit for human habitation," before being occupied by her, and that said duty was violated, resulting in injury. We cannot agree with this contention. Section 7370 provides what should be done by the landlord, and section 7371 provides a remedy for the tenant in case of the landlord's failure to comply therewith. This remedy is confined to those provided by statute, and beyond them he cannot recover damages sustained by reason of such failure. In other words, the obligation of the landlord is said to be limited to the extent of the privilege conferred upon the tenant. The following cases, construing statutes almost the same as ours (supra), sustain this view: Noe v. Cameron, 62 Mont. 527, 205 Pac. 256; Dier v. Mueller, 53 Mont. 288, 163 Pac. 466; Grazer v. Flanagan, 35 Cal. App. 724, 170 Pac. 1076; Callahan v. Loughran, 102 Cal. 476, 36 Pac. 835.

From the record, we cannot doubt that this plaintiff has been badly injured. Yet, however strongly her plight may appeal to our sympathies, we must not lose sight of the fact that "hard cases make bad law," and allow ourselves to be governed accordingly. However deserving of relief this plaintiff may be, we must conclude that as to these defendants, she must bear her injuries uncompensated. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 38 Cyc. pp. 1543, 1547. (2) 36 C. J. p. 45. §660; anno. 34 L. R. A. (N. S.) 798; 48 L. R. A. (N. S.) 917; L. R. A. 1916D, 1224; L. R. A 1918E, 218; 4 A. L. R. 1453; 13 A. L. R. 818, 29 A. L. R. 52; 16 R. C. L. pp. 772, 773; 3 R.

C. L. Supp. p. 601; 4 R. C. L. Supp. p. 1078, 5 R. C. L. Supp. 900. (3) 36 C. J. pp. 43, §650, 44, §650, 45, §660, 208, §878. (4) 36 C. J. p. 211, §886.