**LYMAN et al. v. COWEN et al.**

No. 22005. Feb. 27, 1934.

Rehearing Denied April 3, 1934.

Affirmed.

Tom Waldrep, for plaintiffs in error.

Goode, Dierker & Goode, for defendants in error.

BAYLESS, J. Nathan Cowen and J. F. Stegall, hereinafter called plaintiffs, sued D. D. Lyman and Vina Lyman, hereinafter called defendants, in the district court of Pottawatomie county, Okla., to recover damages for the breach of a lease; and, being successful, the defendants appeal therefrom to this court.

The trial judge directed the jury to return a verdict in favor of plaintiffs, upon the pleadings, a stipulation of the parties and the issues made thereby, after he had rejected the offer of the defendants of certain testimony on their behalf. The effect of the court's ruling based upon this record is to present to us a question of law only.

The defendants argue three alleged errors which may be summarized thus:

"1. The building was not constructed in conformity with the specifications agreed upon in the oral negotiations;

"2. That developments after they had paid rent and taken possession of the building forced them to vacate and constituted a constructive eviction;

"3. The court erred in striking the opening statement of the defendants and rejecting their offer of proof."

We feel that assignment No. 3 is so much a part of assignments Nos. 1 and 2, that a determination of them disposes of No. 3 also.

The allegations of the plaintiffs' amended petition concerning the contract between the parties, the erection of the building, and the taking possession thereof by the defendants, are to be found in paragraphs 1, 2 and 3. In paragraph 2 it is alleged:

"That the said defendants took possession of said building and paid rent thereon, after the same was completed, and accepted the same as a fulfillment of the requirements of said lease contract."

The defendants say in paragraph 3 of their answer and cross-petition, the following:

"Defendants admit the allegations contained in paragraphs 1, 2 and 3 of the said amended petition."

Because of plaintiffs' pleading and the defendants' admission concerning it, there was no issue regarding the conformity of the building as constructed under the specifications. Therefore, the trial court did not err when it refused to admit evidence upon this issue. Winans v. Hare, 46 Okla. 741, 148 P. 1052; Lee v. Little, 81 Okla. 168, 197 P. 499; The Lane Implement Co. v. Lowder, 11 Okla. 61, 65 P. 926; Rogers v. Brown, 15 Okla. 524, 86 P. 443.

The second point involves the alleged defect in the building which developed later, and which, according to the pleadings of defendants, rendered the building unfit for occupancy. Having admitted that they accepted the newly constructed building as a fulfillment of the specifications of construction, and not having alleged any facts tending to establish that their acceptance thereof was induced by any unfair or improper means, we can only treat these alleged later developments as following in the class of repairs. We have held in Horton v. Early, 39 Okla. 99, 134 P. 436, Enterprise Seed Co. v. Moore, 51 Okla. 477, 151 P. 867, and Barker v. Findley, 136 Okla. 55, 275 P. 1054, all of which cases involve business property, as follows:

"It is a well-recognized principle of law that, in the absence of a statute or agreement, there is no implied warranty that leased premises are suitable for the purposes for which they are demised, or that the lessor will keep the property in repair (citing a long line of authorities). The building being one used for business or mercantile purposes, section 3813, Rev. Laws 1910, can have no application."

The defendants have cited cases from other jurisdictions apparently in conflict with this rule, the majority of which apply to residence property. Regarding residence property, while our statutes, section 10926, O. S. 1931 (7370, C. O. S. 1921), require the landlord to make and keep habitable property

intended for human habitation, nevertheless, section 10927, O. S. 1931 (7371, C. O. S. 1921), provides the tenant exclusive remedy, and since the pleadings did not disclose notice to the plaintiffs as contemplated by section 10927, supra, this remedy was not available to the defendants. See Lavery v. Brigance, 122 Okla. 31, 242 P. 239.

It is also said in Lavery v. Brigance, supra:

"The rule has been repeatedly announced that, in the absence of warranty, deceit, or fraud, the rule of caveat emptor applies to leases of real estate, the control of which passes to the tenant, and it is the duty of the tenant to make examination of the demised premises to determine their safety and adaptability to the purposes for which they are hired."

Therefore, the defendants' defense and cross-petition based upon the alleged untenable condition of the property because of later developments find no basis in law and were properly rejected by the trial court.

Judgment affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur.