### GODBEY v. BARTON et ux.

No. 28139.  Jan. 17, 1939.

C. B. Holtzendorf, for plaintiff in error.

H. Tom Kight and H. Tom Kight, Jr., for defendants in error.

OSBORN, J. This action was instituted in the district court of Rogers county by J. W. Barton and Hazel Barton, hereinafter referred to as plaintiffs, against C. F. Godbey, hereinafter referred to as defendant, to recover damages for the alleged wrongful death of Richard Nelson Barton, infant son of plaintiffs. Issues were joined and the cause tried to a jury. A verdict was returned in favor of plaintiffs. From a judgment on the verdict, defendant has appealed.

Defendant was the owner of a certain dwelling house located in the city of Claremore. Pursuant to an oral rental contract with defendant, plaintiffs moved on the premises with their family of four children in December, 1932. The following spring, plaintiffs discovered that there was an open cistern on the premises located about 50 feet from the house, which had been concealed by tall weeds. The cistern was about 15 feet deep and about five feet across the top and had about six feet of water in it. On November 18, 1933, the infant child, Richard Nelson Barton, who at that time was of the age of 20 months, fell into the cistern and was drowned. Plaintiffs thereafter continued to occupy the premises until January, 1935. On February 8, 1935, this action was instituted.

The principal assignments of error are that the trial court erred in overruling the demurrer to the petition and in overruling defendant's motion for an instructed verdict.

Defendant refers to sections 10926 and 10927, O. S. 1931 (41 Okla. Stat. Ann. secs. 31 and 32), providing that the lessor of a "building" intended for the occupation of human beings must put it into a condition fit for occupation and repair all subsequent dilapidations thereto, except such as were caused by the ordinary negligence of the lessee, and in the event of the failure of the lessor to make such repairs, the lessee should make the same and deduct the expense thereof from the rent. We are referred to a number of authorities construing these statutes and holding that the remedy provided thereby is exclusive, and that a landlord is not liable for personal injuries sustained by an occupant of a building caused by latent defects therein. See Lavery v. Brigance, 122 Okla. 31, 242 P. 239; Lyman v. Cowan, 167 Okla. 574, 31 P.2d 108; Nehring v. Ferguson, 170 Okla. 383, 40 P.2d 1040; Young v. Beattie, 172 Okla. 250, 45 P.2d 470; Alfe v. New York Life Ins. Co.,

180 Okla. 87, 67 P.2d 947. It is noted that the statute refers only to "buildings." None of the above-cited authorities deal with latent defects existing on the "premises" outside of the buildings. It is unnecessary to determine in the instant case whether or not there was a legislative intent that said sections should apply to dilapidations or defective conditions on the premises but outside of the building.

In 110 A. L. R., page 756, appears the following note:

"The cases are practically agreed that where the right of possession and enjoyment of the leased premises passes to the lessee, in the absence of concealment or fraud by the landlord as to some defect in the premises known to him and unknown to the tenant, the rule of caveat emptor applies and the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein; and this rule applies to the wife of the tenant and other members of his family. * * * Many cases are cited in these annotations to the effect that members of the tenant's family, and guests and employees of the tenant, have the same but no greater right against the landlord than the tenant himself had, as regards liability of the landlord for personal injuries due to defective condition of the premises."

See authorities collected in Annotation L. R. A. 1916F, page 1159.

It is sought to sustain the judgment of the trial court in the instant case by application of the attractive nuisance doctrine. Obviously, the doctrine is not applicable in this case. Here the deceased child was on the premises in the right of plaintiffs, its parents, the tenants in possession and control of the premises, and regardless of any possible liability to third persons on the premises for injury caused by such nuisance, said defendant would not be liable to plaintiffs for such injury or any members of their family. See Harris v. Lewistown Trust Co. (Pa.) 191 A. 34, 110 A. L. R. 749.

Since plaintiffs were in possession and in control of the premises and knew of the dangerous condition arising by reason of the open cistern long prior to the fatal accident, and since there was no covenant on the part of the lessor to repair the dangerous condition, there is no theory upon which plaintiffs may recover. See Restatement of the Law of Torts, pars. 356-358.

The judgment is reversed and the cause remanded, with directions to dismiss the same.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.