[Civ. No. 2241. First Appellate District.—December 29, 1917.]

HAROLD F. GRAZER (a Minor), by Annie M. Grazer (His Guardian), Appellant, v. THERESA FLANAGAN et al., Respondents.

LANDLORD AND TENANT — LIABILITY TO MAKE REPAIRS — COMMON-LAW RULE.—At the common law a lessor is not liable to make repairs to a structure rented as a dwelling-house unless by force of an express contract or covenant; the tenant takes the premises for better or for worse, and cannot involve the landlord in expense for repairs without his consent.

ID.—FAILURE TO REPAIR—REMEDIES OF LESSEE.—In this state, in the absence of an express contract relating to repairs, sections 1941 and 1942 of the Civil Code are controlling, and for failure to repair the lessee has either of two remedies, viz., (a) treat the failure to repair as a breach of the lease and vacate the premises; or (b) himself make the repairs at the expense of the landlord after notice to him, providing they do not entail an expenditure of more than one month's rent.

ID. — BREACH OF COVENANT TO REPAIR — DAMAGES FOR PERSONAL IN-
JURIES NOT RECOVERABLE.—In an action for damages for breach of
the landlord's covenant to repair, damages for personal injuries
sustained by the tenant or any member of his family are not
recoverable.

ID.—ACTION FOR INJURIES—PLEADING—INSUFFICIENT COMPLAINT.—In
an action against a landlord for damages for personal injuries
sustained by a minor son of the tenant, resulting from the negligent
failure of the landlord to make repairs, the complaint fails to state
a cause of action where it is alleged that the defect which caused
the injuries was obvious and known to exist before the tenancy be-
gan, and no facts and circumstances are alleged attending and
explaining the accident which would relieve the plaintiff of the
inference of contributory negligence.

APPEAL from a judgment of the Superior Court of Ala-
meda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Ostrander, Clark & Carey, and A. J. Woolsey, for Appel-
lant.

Fitzgerald, Abbott & Beardsley, for Respondents.

KERRIGAN, J.—This is an appeal from the judgment en-
tered upon an order sustaining defendant's demurrer to
plaintiff's amended complaint in an action brought to recover
damages for personal injuries.

The action is through the plaintiff's guardian, and the in-
juries are alleged to have been sustained by plaintiff as a
consequence of an explosion of gas occurring upon certain
premises which had been rented to the plaintiff's parents by
the owners thereof to be occupied as a dwelling.

Stripped of legal verbiage, it appears from the complaint
that on the twenty-third day of March, 1915, the plaintiff's
mother and a real estate agent, one of the defendants, visited
the house in question, and after an inspection of the same and
some negotiations, it was agreed that the plaintiff's parents
should become the tenants of the property at a monthly rental
of $18.50; that while the rent should not commence until
April, the tenant should have the privilege of taking posses-
sion on the 25th of March, and it was further agreed that
the owners of the property represented by the agent should

place the premises in proper repair for habitation, and that they, through their said agent, "in particular did promise to place in proper condition for use a certain gas-pipe in said dwelling-house . . . which was at the time without a cap or other appliance to prevent the escape of gas." It is also alleged in the amended complaint that on said twenty-fifth day of March, while the plaintiff was assisting his parents in moving into the dwelling-house, and while in that portion of the house in which said uncapped gas-pipe was situated, there was an explosion of escaped gas from the uncapped pipe, which explosion caused the personal injuries set forth in the complaint. The demurrer was general and special, and the question presented by the record and the briefs is, Does the complaint state a cause of action against the defendants?

At the common law a lessor is not liable to make repairs to a structure rented as a dwelling-house unless by force of an express contract or covenant; the tenant takes the premises for better or worse, and cannot involve the landlord in expense for repairs without his consent. (*Van Every* v. *Ogg,* 59 Cal. 563.) The Civil Code, however, in section 1941, provides that the lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it in a condition fit for such occupation, and repair all subsequent dilapidations thereof which render it untenantable. The succeeding section (1942) gives the option to the tenant, after notice to the landlord, to make repairs not requiring an expenditure of more than one month's rent, the same to be deducted from the rent, or to vacate the premises and be discharged from performance of the conditions of the lease. In the absence of an express contract relating to repairs, sections 1941 and 1942 control; and in such case it is held that the statutory liability of the lessor declared in 1941 is limited by the provisions of 1942, so that for failure to repair the lessee has either one of two remedies, viz., (a) treat the failure to repair as a breach of the lease and vacate the premises; or (b) himself make the repairs at the expense of the landlord after notice to him, providing they do not entail an expenditure of more than one month's rent. (*Van Every* v. *Ogg, supra; Sieber* v. *Blanc,* 76 Cal. 173, [18 Pac. 260]; *Gately* v. *Campbell,* 124 Cal. 520, [57 Pac. 567].)

If this is to be regarded as an action for damages for breach of the landlord's covenant to repair, the great weight of authority agrees that in such an action on the part of the tenant or any member of his family damages for personal injuries are not recoverable. (2 Underhill on Landlord and Tenant, p. 849; 18 Am. & Eng. Ency. of Law, 234, 235; Jones on Landlord and Tenant, sec. 592; *Anderson* v. *Robinson,* 182 Ala. 615, [Ann. Cas. 1915D, 829, 47 L. R. A. (N. S.) 330, 62 South. 512].) On the other hand, if this is to be taken to be an action *ex delicto* to recover damages resulting from the negligent failure of the landlord to perform his legal duty by making the repair in question, then we are satisfied that the complaint fails to state a cause of action, and hence that the demurrer was properly sustained. The defect to which the plaintiff attributes the injuries complained of is alleged to have been an obvious defect, and to have been known to exist before the tenancy in question began. Having thus averred the defect to have been obvious, it was incumbent upon the plaintiff to have further set forth in the complaint such of the facts and circumstances attending and explaining the accident, if such exist, as would have relieved the plaintiff's case of the inference of contributory negligence which otherwise would arise from his express averment of the obvious nature of the defect which was the immediate cause of the injuries complained of. Having failed or being unable to do this, the complaint did not state a cause of action. (*Hatch* v. *McCloud River L. Co.,* 150 Cal. 111, [88 Pac. 355]; *Callahan* v. *Loughran,* 102 Cal. 476, [36 Pac. 835].)

It follows that the trial court correctly sustained the demurrer to the amended complaint. The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied January 28, 1918.