Note.—See under (1, 2) 6 C. J. p. 741 §316; 2 R. C. L. p. 1039; 1 R. C. L. Supp. p. 685; 4 R. C. L. Supp. p. 135; 5 R. C. L, Supp. p. 122. (3) 6 C. J. p. 741 §316. (4) 6 C. J. p. 764 §357 (Anno). (5) 6 C. J. p. 741 §316. (6) 18 C. J. p. 1307 §32. (7, 8) 35 Cyc. p. 953. (9) 38 C. J. p. 51. (10) 15 C. J. p. 511 §179 (Anno). (11) 4 C. J. p. 1149 §3157.

---

**EWING et al. v. CADWELL et al.**

No. 15646—Opinion Filed Sept. 22, 1925.

Rehearing Denied July 6, 1926.

(Syllabus.)

1. **Landlord and Tenant—Rights of Tenant Where Landlord Fails to Make Needed Repairs—Damages not Recoverable.**

Under sections 7370 and 7371, Comp. Stats. 1921, providing that the lessor of a building intended for the occupation of human beings, must put same in condition fit for such occupation, and repair all subsequent dilapidations, and that within a reasonable time after notice to the lessor of dilapidations which he ought to repair and he neglects to do so, the lessee may repair the same himself and deduct the expense of such repair from the rent or otherwise recover it from the lessor, or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent or performance of other conditions, and where the landlord fails to repair after notice, the tennant may himself repair and charge the expense thereof to the landlord, or he may move out and be relieved from further obligation under his lease, but he has no redress in damages for injury to his property caused by the landlord's failure to repair.

2. **Same—Statutes Controlling.**

For failure of the lessor of a building intended for the occupancy of human beings to comply with section 7370, Comp. Stats.

1921, providing that it be placed in fit condition and further providing for subsequent repairs, the lessee is confined to the remedy provided in section 7371, Comp. Stats. 1921, and the noncompliance on the part of the landlord gives the tenant no right of action for damages to his property resulting from a failure of the landlord to make such repairs.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by L. N. Ewing and E. G. Hastings against E. F. Cadwell and Mrs. E. F. Cadwell. Judgment for defendants, and plaintiffs bring error. Reversed.

C. A. Steele, W. A. Daugherty, and E. D. Brewer, for plaintiffs in error.

Moss & Owen, for defendants in error.

PHELPS, J. This cause comes here on appeal from the common pleas court of Tulsa county, Okla., and arose when plaintiffs in error, L. N. Ewing and E. G. Hastings, who were plaintiffs below, filed their action alleging that they were the owners of certain residence property in the city of Tulsa which they had rented to the defendants, E. F. Cadwell and Mrs. E. F. Cadwell, and that defendants were indebted to them in the sum of $100 as one month's rental on said property.

Defendants filed their answer, alleging that they had rented the property from plaintiffs under a parol agreement, and after they had moved into said property they discovered that the plumbing was defective; that gas was leaking from the pipes and fixtures; that the roof leaked, and that the surface water drained into the basement, all of which caused damage to the personal property of the defendants in a sum exceeding $100. The cause was tried to a jury, who returned a verdict for the defendants, and from judgment rendered thereon plaintiffs appeal.

Defendants claim that they are relieved from the payment of rentals by virtue of sections 7370 and 7371, Comp. Stats. 1921, which reads as follows:

"The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation. and repair all subsequent dilapidations thereof except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence.

"If, within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent,

or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

The record discloses that defendants notified plaintiffs of the condition of the premises and requested them to make repairs, which plaintiffs refused to do, but served notice on the defendants to vacate the premises. The record shows, beyond question, that the roof of the house in question was defective, allowing the rainwater to leak through into the house, and also that the basement filled with water, but plaintiffs contend that under the statutes above quoted they are not liable to defendants for damages caused thereby, insisting that defendants' remedy is fixed entirely by the sections of the statutes above quoted. In our judgment, this contention is well founded.

Section 7370 makes it the duty of the landlord to put the property into a condition fit for human occupation and to repair all subsequent dilapidations thereof, not occasioned by the tenant's ordinary negligence, and section 7371 provides a specific remedy for the tenant if this is not done, to wit: After giving the landlord notice the tenant may make the repairs and pay for the same out of the rentals going to the landlord, or he may vacate the property and be discharged from further liability on his rental contract. It will be observed that the duty of the landlord and the remedy provided for the benefit of the tenant are strictly statutory.

Apparently this court has not had under consideration the question here presented in any reported case and we must, therefore, look to other jurisdictions for the authorities construing this statute. 25 R. C. L., page 1058, lays down the rule that:

"Where a statute creates a right and prescribes a remedy for its violation, the remedy thus prescribed is exclusive."

36 Cyc. 1175, lays down the rule that:

"Where a statute imposes a new duty upon any person without providing any remedy or penalty for its infraction, any person for whose benefit, advantage, or protection the statute was enacted, who, without fault on his part, suffers a loss by reason of the failure to perform such duty, may maintain an action against the delinquent to recover damages. **If the statute imposes a new duty and creates a new right, and at the same time provides a specific remedy to punish the neglect of the one and to secure the other, that remedy is exclusive and no other action lies for an infraction of the statute."**

Under a statute similar to ours in Maria Van Every v. Flora Ogg, 59 Cal. 563, 20 Pac. St. Rep. 563, the landlord sued the tenant for unlawful detainer. The defendant set up a counterclaim for damages resulting from the dilapidated condition of the leased premises, alleging that they were unfit for occupation of human beings by reason of rainwater leaking through the roof; that the water leaking through the roof damaged the furniture and carpets of the defendant, and upon trial the court held that the landlord's obligation is limited by the extension of the privilege conferred upon the tenant. In other words, that the tenant could make repairs and charge it to the rent, or he could move out and be relieved from liability on his rental contract. And in Bush v. Baker, 51 Mont. 326, 152 Pac. 750, that court had under consideration a cause similar to the one at bar, and in the fifth paragraph of the syllabus used the following language:

"Under Rev. Codes, sections 5226, 5227, providing that the lessor of a building intended for the occupation of human beings must put it into condition for such occupation and repair all subsequent dilapidations rendering it untenantable, and that, if within a reasonable time after notice to the lessor that he ought to repair, he neglects to do so, the lessee may repair himself where the cost will not be greater than one month's rent and deduct the expense from the rent, or vacate the premises, in which case he shall be discharged from further payment of rent or performance of other conditions, where a landlord fails to repair after notice, the tenant may himself repair within the limits stated, or move out, but he has no redress in damages for injury to person or property consequent upon the landlord's failure to repair."

Also, in Noe v. Cameron (Mont.) 205 Pac. 256, the Supreme Court of that state, in the first paragraph of the syllabus, used the following language:

"Under Rev. Codes, 1921, sections 7741, 7742, requiring that lessor repair dilapidations not caused by the tenant's ordinary negligence as mentioned in section 7734 but authorizing lessee to make repairs, if lessor fails to do so within a reasonable time after notice, and deduct the expense from the rent, or vacate the premises without further liability for rent, the tenant has no redress in damages for injuries due to the landlord's failure to repair."

Also, in 16 R. C. L. (Landlord and Tenant) section 457, page 949, the following language is used:

"There cannot be a constructive eviction without a surrender of possession, and it would be unjust to permit the tenant to re-

main in possession and then escape the payment of rent by pleading a state of facts, which though conferring a right to abandon, had been unaccompanied by the exercise of that right."

And in 24 Cyc. page 1160, it is said:

"A tenant who desires to avail himself of a statute releasing him from payment of rent where the premises are destroyed or so injured as to become untenantable, must move out and surrender possession of the premises. He cannot retain possession and at the same time refuse to pay rent."

Plaintiffs complain particularly of instructions Nos. 5 and 6 given by the court, which are as follows:

"If you find from the evidence in this case that after the defendants had taken possession of the building, that it became unfit for occupation of human beings as a dwelling in whole or in part, by or through no neglect or injury to the building on the part of the defendants, and that the plaintiffs were duly notified and had knowledge of such unfit conditions, and they neglected and refused to put the building in suitable condition to be occupied as a dwelling, within a reasonable time, such failure and refusal on the part of the plaintiffs amounts to constructive eviction, and plaintiffs cannot recover rent therefor and your verdict should be for the defendants.

"You are further instructed that if you find from the evidence before you that the defendants sustained loss or damage to their property by reason of water leaking through defective roof, and by reason of water flowing into the basement of the dwelling house and that plaintiffs had neglected and refused to repair the defects in the roof and basement, you should find for the defendants the value of such property lost or damaged in a sum not to exceed $100; and, in determining loss or damage to household goods and wearing apparel, which have no fixed market value, the measure of damages is the value of the goods to the owner, not a fanciful value which such owner might place upon them, but such reasonable value as they had to him, considering the nature and condition of the goods and the purpose for which they were adopted."

Clearly, the instructions complained of are erroneous. We repeat that the Legislature had made plain the duty of the landlord in section 7370, and in section 7371 has just as plainly provided the remedy for the tenant for a failure on the part of the landlord to make the repairs. The tenant can either make the necessary repairs himself and deduct the expenses thereof from the rent, or he can vacate the premises and be discharged from further payment of rent. These remedies are as ample as could be reasonably desired. The tenant can stay in the property and repair it with the landlord's money, or he can move out and pay no further rent, but he cannot stay in and refuse to pay rent, neither can he stay and allow the premises to remain dilapidated and recover damages from the landlord caused by the want of repairs which the tenant had the right to make himself at the landlord's expense.

The instructions of the court under this view of the case constitute reversible error. The judgment is therefore reversed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 36 C. J. pp. 160, §793, 232. §925 (Anno); anno. 34 L. R. A. (N. S.) 977; 28 A. L. R. 1448. 16 R. C. L. pp. 949, 1054; 3 R. C. L. Supp. pp. 611, 620: 5 R. C. L. Supp. pp. 911, 919. (2) 36 C. J. pp. 154, §788, 160, §793, 232, §925 (Anno); 36 Cyc. p. 1175. 25 R. C. L. p. 1058, 5 R. C. L. Supp. p. 1363.