## YOUNG v. BEATTIE, Adm'x.

No. 25059.   May 14, 1935.

Norman Barker and W. E. Foreman, for plaintiff in error.

Thompson & Ingersol and T. L. Brown (Woodson E. Norvell, on the brief), for defendant in error.

PER CURIAM.  Plaintiff was the tenant of W. W. Beattie of an apartment house known as the Gem Apartments, located in the city of Tulsa. The tenancy began about May 1, 1932, and continued until a date subsequent to August 9, 1932.  On August 9, 1932, while occupying said premises, the plaintiff stepped into a hole in a concrete floor of an alcove between two buildings on said premises, and was injured thereby. The hole into which plaintiff stepped was on the premises prior to the time that plaintiff commenced her occupancy of them, and

remained there in about the same condition until the date of the accident.

Plaintiff sought to recover damages by reason of the injuries she sustained under the conditions just stated. During the pendency of the action the defendant, W. W. Beattie, died, and Lucy E. Beattie, as administratrix of the estate of W. W. Beattie, deceased, was substituted as defendant.

Plaintiff bases her entire right to recover on the failure of her landlord to repair the premises. The evidence shows that her occupancy was under a written contract, dated April 20, 1932, and under an oral agreement made on the same date. The written contract required the plaintiff "to make all repairs in said building necessary to its use and occupancy," but plaintiff testified that under the oral contract the lessor agreed to "fix it up (the premises) in good condition for me, and turn it over to me on the 1st of May." The evidence does not clearly disclose whether the oral agreement was made before, at the time, or after the written agreement was executed. But our view of the case makes that question immaterial, since plaintiff did not contend there was any fraud or deceit practiced by the landlord, nor that he warranted the premises to be in good repair. Lavery v. Brigance et al., 122 Okla. 31, 242 P. 239.

A demurrer to the plaintiff's evidence was sustained by the trial judge, and from the order thereon plaintiff has perfected an appeal to this court. She alleges error of the trial court in sustaining the demurrer to her evidence, and presents other allegations of error. Our view of the case makes it necessary to consider only the alleged error of the trial court in sustaining the demurrer to plaintiff's evidence.

Section 10926, Okla. Stats. 1931, provides as follows:

"The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence."

Section 10927, Okla. Stats. 1931, provides as follows:

"If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

This court, in Ewing et al. v. Cadwell et al., 121 Okla. 115, 247 P. 665, held that the failure of a landlord to comply with the provisions of section 10926, requiring the lessor of a building intended for the occupancy of human beings, in the absence of an agreement to the contrary, to put the building into a condition fit for such occupancy, when construed in connection with the provisions of section 10927, supra, which gives the tenant the right to repair the building or vacate the same, deprives the tenant of a right of action for damages to his property resulting from a failure of the landlord to make the repairs.

And in Lavery v. Brigance et al., supra, the right of a tenant to recover for personal injuries under similar circumstances was denied. In this case, after quoting the provisions of the two sections of the statute, the court said:

"It is the plaintiff's contention that under these statutes it was defendants' duty to make the house 'fit for human habitation', before being occupied by her, and that said duty was violated, resulting in injury. We cannot agree with this contention. Section 7370 (sec. 10926, O. S. 1931) provides what should be done by the landlord, and section 7371 (sec. 10927, O. S. 1931) provides a remedy for the tenant in case of the landlord's failure to comply therewith. This remedy is confined to those provided by statute, and beyond them he cannot recover damages sustained by reason of such failure. In other words, the obligation of the landlord is said to be limited to the extent of the privilege conferred upon the tenant. The following cases, construing statutes almost the same as ours (supra), sustain this view: Noe v. Cameron, 62 Mont. 527, 205 P. 256; Dier v. Mueller, 53 Mont. 288, 163 P. 466; Grazer v. Flanagan, 35 Cal. App. 724, 170 P. 1076; Callahan v. Loughran, 102 Cal. 476, 36 P. 835.

"From the record, we cannot doubt that this plaintiff has been badly injured. Yet, however strongly her plight may appeal to our sympathies, we must not lose sight of the fact that 'hard cases make bad law,' and allow ourselves to be governed accordingly. However deserving of relief this plaintiff may be, we must conclude that as to these defendants, she must bear her injuries uncompensated. The judgment of the trial court is therefore affirmed."

It is our opinion that the question raised by plaintiff has been correctly decided in

252

the two opinions hereinabove cited. Therefore, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. W. Gilliland, M. D. Green, and Chas. H. Johns in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gilliland and approved by Mr. Green and Mr. Johns, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.