### ALFE v. NEW YORK LIFE INS. CO. et al.

No. 26844.   April 13, 1937.

Rehearing Denied May 18, 1937.

Remington Rogers, for plaintiff in error.

Steele & Daugherty and Hudson & Hudson, for defendants in error.

PER CURIAM. This appeal presents error from the district court of Tulsa county. The parties occupy the same positions here as in the trial court, and in this opinion will be referred to as plaintiff and defendants.

The question presented is whether or not the trial court erred in sustaining separate demurrers to plaintiff's petition wherein it is alleged that the defendant New York Life Insurance Company was the owner of certain residential property in Tulsa, and had employed the defendant Braniff Investment Company as its agent to rent and manage the same, and that such last-named defendant in turn acted through its agent, the defendant Park; that on July 15, 1934, by agreement with Park, one Armstrong rented the property for residential purposes from month to month 'and immediately moved into the same with his family, including the plaintiff, who was a member thereof.

That at the time the property was rented, and at all other times involved, said property was in a dangerous 'and hazardous condition and unsafe for human occupation in that the gas furnace therein contained was not in proper working order; that certain valves 'and appliances permitted the escape and accumulation of gas in the basement of the house.

That after moving into the house Armstrong, on or about October 1, 1934, notified the defendants of the defective and dangerous condition of the gas heating system, and was then assured that a plumber would be sent out to inspect and repair the same at the expense of the landlord.

That said defendants did not cause such repairs to be made, but thereafter recklessly, negligently, and carelessly failed to do so, and failed to have same inspected by a plumber, but by reason of the promises so to do prevented said tenant from making same and induced the tenant to rely upon such promises.

That thereafter, and on or about October 30, 1934, plaintiff, as a member of the tenant's household, did, in the usual manner, attempt to light the furnace and was severely burned and injured by reason of an explosion caused by 'accumulated gas in the basement.

Separate demurrers of the respective defendants to the petition were sustained. The plaintiff elected to stand upon the petition, and thereupon judgment of nonsuit was entered. Plaintiff appeals and 'assigns three specifications of error, which are presented under the following propositions:

"1. The liability of a landlord for negligent injury to a member of his tenant's household is as great as his liability to the tenant himself.

"2. Before the tenant has the right to vacate the premises or make repairs himself, the landlord is liable for personal injuries caused to tenant by landlord's negligent failure to keep premises in repair."

Plaintiff concedes that if the construction heretofore placed upon sections 10926 and 10927, O. S. 1931, by this court is applicable to the facts pleaded by her, then the ruling of the trial court was correct. The above-cited sections were formerly carried as sections 7370 and 7371, C. O. S. 1921, and were construed by this court in the case of Ewing v. Cadwell, 121 Okla. 115, 247 P. 665, wherein it is said:

"For failure of the lessor of a building intended for the occupancy of human beings to comply with section 7370, Comp. Stats. 1921, providing that it be placed in fit condition, and further providing for subsequent repairs, the lessee is confined to the remedy provided in section 7371, Comp. Stats. 1921, and the noncompliance on the part of the landlord gives the tenant no right of action for damages to his property resulting from a failure of the landlord to make such repairs."

Shortly thereafter the same sections were again passed upon by us in the case of Lavery v. Brigance, 122 Okla. 31, 242 P. 239, wherein we again said:

"For failure of the lessor of a building, intended for the occupancy of persons, to comply with section 7370, Comp. Stats. 1921, providing that it be placed in fit condition and for subsequent repair, the lessee is confined to the remedy provided in section 7371, Comp. Stats., and said noncompliance gives no right of 'action for personal injuries resulting therefrom."

The rule thus announced in the above cases has again been recently followed in Young v. Beattie, Adm'x, 172 Okla. 250, 45 P. (2d) 470, wherein we said:

"The failure on the part of a lessor of a building intended for occupancy by human beings to comply with section 10926, O. S. 1931, providing that the building be placed in fit condition for such occupancy, and further providing for subsequent repairs, does not give the tenant a right of action for personal injuries resulting therefrom, since under the provisions of section 10927, O. S. 1931, the tenant has the right either to repair the premises and deduct the expense thereof from the rent or to otherwise recover same from the lessor, or to vacate the premises."

Plaintiff contends, however, that since by section 10927, supra, a reasonable time is required to elapse before the tenant can exercise either of the remedies therein given him, consequently during said period the landlord remains or should remain liable to the tenant for any injury which he may incur as a result of the landlord's negligence to perform his statutory duty. If there existed a liability other than that imposed by statute on the landlord, then there would be much merit in this contention. We have held, however, in the above-cited cases that the only liability resting upon the landlord is that provided by the statute, section 10926, supra, and that the remedies given the tenant in case of a breach of such duty on the part of the landlord are confined exclusively to those enumerated in section 10927, supra. As we have said further in Lavery v. Brigance, supra:

"Section 7370 provides what should be done by the landlord, and section 7371 provides a remedy for the tenant in case of the landlord's failure to comply therewith. This remedy is confined to those provided by statute, and beyond them he cannot recover damages sustained by reason of such failure."

It will be observed that the plaintiff in her petition pleads a state of facts which, if proved, would have established only a failure on the part of the defendants to perform the obligations placed upon them by statute. Under these circumstances, the cases which plaintiff cites from other jurisdictions can have no application here. Since the petition of the plaintiff does not state a cause of action in her favor and against the defendants or either of them, as a matter of law, the trial court was correct in sustaining the demurrers of the defendants to such petition. There is no error.

Judgment affirmed.

OSBORN, C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.