KING et al. v. COLLINS.

No. 30455. May 19, 1942.

*126 P. 2d 76.*

602

Hiatt & Hannigan and R. A. Hockensmith, all of Okmulgee, for plaintiffs in error.

W. C. Alley and Tom Payne, both of Okmulgee, for defendant in error.

PER CURIAM. On the 26th day of June, 1940, Martha Collins filed her petition against Willie King and Crittenden Smith, trustee of the estate of Willie King, alleging that she and William Collins are now and were at all times mentioned in said petition husband and wife; that Willie King is the owner of a beneficial interest in lots 4 and 5 in block 10, Alta Vista addition, Okmulgee, Okla., and that Crittenden Smith is the trustee of Willie King; that plaintiff was old and decrepit with impaired eyesight, feeble in body and unsteady on her feet; that on April 1, 1940, William Collins entered into a contract with the above-named defendants by which he agreed to pay $10 per month as rentals for said premises, and that the defendants agreed to make certain repairs on the dwelling house, one being the construction of a banister around the outside back porch; that said banister was not constructed and as a result thereof, on the 11th day of May, 1940, the plaintiff fell from said porch onto the ground and was injured, to her damage in the sum of $15,000.

This petition was amended in two respects not changing the essential fact allegations necessary to a decision in the case at bar. A demurrer to the petition was overruled, defendants filed their answer denying negligence and pleading, in effect, assumption of risk, and a reply was filed thereto.

On the 21st day of January, 1941, the cause was submitted to the jury, after which a verdict was returned for $2,100 for the plaintiff, and judgment was entered thereon. Motion for new trial was duly filed and overruled, and defendants appeal.

Eleven allegations of error in the petition in error are presented in seven specifications of error.

It is first argued that the court erred in overruling the demurrer to the petition. This presentation is conclusive of the question at bar. We hold that the court erred in overruling the demurrer to the plaintiff's petition under the rule announced in Young v. Beattie, 172 Okla. 250, 45 P. 2d 470, and Alfe v. New York Life Ins. Co., 180 Okla. 87, 67 P. 2d 947, in which this court last construed sections 10926 and 10927, O. S. 1931, 41 Okla. St. Ann. §§ 31 and 32, which are as follows:

"The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence.

"If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

Therein this court discussed the holdings in Ewing v. Cadwell, 121 Okla. 115, 247 P. 665, and Lavery v. Brigance, 122 Okla. 31, 242 P. 239.

In Young v. Beattie and Alfe v. New York Life Ins. Co., supra, we held, in effect, that by reason of the above statutes it could make no difference when the promise to repair was made; or whether the promise was made or the obligation arose under the statute.

To hold otherwise would defeat the very purpose of the statute, to wit, to prevent actions in tort by persons injured by reason of a failure to repair premises by the landlord. The plaintiff went into the premises knowing the alleged promise to build the banister had not been kept. She made no effort to make the repairs or complete the contractual liability by a construction of the banister. She cannot hold the defendant in tort under the terms of the above statute whether the agreement was made before or after the effective date of the rental contract.

We are convinced that the trial court erred in refusing to sustain the demurrer to the petition of the plaintiff, and the cause is reversed and remanded, with directions to set aside the verdict and judgment for the plaintiff and enter an order sustaining the demurrer to the petition.

Reversed and remanded, with directions.

WELCH, C.J., CORN, V.C.J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., dissents.