2009 OK CIV APP 47
**Shalonda and James STONE, Plaintiffs/Appellants,**

v.

**LINDEN REAL ESTATE, INC., Defendant/Appellee.**

No. 106,094.

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 14, 2009.

Rehearing Denied Feb. 13, 2009.

Certiorari Denied April 27, 2009.

M. Michael Arnett, Oklahoma City, OK, for Appellants.

S. Marc Walls, Angela D. Ailles & Associates, Oklahoma City, OK, for Appellee.

JERRY L. GOODMAN, Presiding Judge.

¶ 1 Shalonda and James Stone (Tenants) appeal the trial court's June 12, 2008, order granting summary judgment to Linden Real Estate, Inc. (Landlord). The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(a)(1), 12 O.S.2001 and Supp.2003, ch. 15, app. 1. Based on our review of the facts and applicable law, we reverse and remand for further proceedings.

## FACTS

¶ 2 This is the second appeal arising from a dispute between the parties regarding a residential rental contract. The first case was appealed in 2007 and resulted in an opinion by the Court of Civil Appeals (COCA), Division 4, No. 104,682, *Stone v.*

*Linden Real Estate, Inc.*, which was mandated on November 30, 2007. COCA reversed the trial court's grant of summary judgment for Landlord and remanded for further decision. On remand, the trial court again rendered summary judgment for Landlord, resulting in the present appeal.

¶3 An extensive recitation of facts is unnecessary to the disposition of this appeal. Tenants leased a single-family home from Landlord on June 1, 2002. Five to seven months after moving into the property, Tenant Shalonda Stone (Shalonda) noticed a dust problem related to the HVAC system, which she reported to Landlord in November of 2002.

¶4 After Landlord failed to resolve the problem, Tenants filed the previous action asserting Landlord had breached its contractual obligation to maintain the rental property in a manner which would not cause damage to their personal property. The trial court granted Landlord summary judgment under the law of premises liability. Tenants appealed and COCA reversed, finding Landlord's premises liability argument was based on a negligence theory of recovery, a theory of recovery not relied on by Tenant. In addition, the Court noted the parties' rental agreement was governed by the Oklahoma Residential Landlord and Tenant Act ("ORLTA" or "Act"), 41 O.S.2001, § 101 et seq., and that Landlord's motion failed to address the Act or the relevant provisions of the parties' rental agreement. Thus, summary judgment was improper and the case was remanded for further proceedings.

¶5 On remand, Landlord filed a second motion for summary judgment, asserting Tenants' exclusive remedy was under the ORLTA and the undisputed facts showed Landlord was entitled to judgment as a matter of law. Landlord maintained the ORLTA supplanted common law remedies and that it provides Tenants' exclusive remedy. Tenants disagreed, asserting they could sue for breach of contract.

¶6 By order filed on June 12, 2008, the trial court granted Landlord's motion for summary judgment. Tenants appeal.

## STANDARD OF REVIEW

¶7 A summary judgment disposes solely of issues of law and, therefore, it is reviewable by a *de novo* standard. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448; *Neil Acquisition, LLC v. Wingrod Inv. Corp.*, 1996 OK 125, 932 P.2d 1100. In a *de novo* review, we have plenary, independent, and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, 859 P.2d 1081. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to the Plaintiff. *Ross v. City of Shawnee*, 1984 OK 43, 683 P.2d 535.

¶8 Because this is the second appeal in this case, the determination of issues made by COCA in the first appeal control all relevant subsequent proceedings. *See Private Truck Council of Am., Inc. v. Oklahoma Tax Comm'n*, 1994 OK 96, 879 P.2d 137 (citations omitted); *Handy v. City of Lawton*, 1992 OK 111, 835 P.2d 870. Re-litigation of issues settled by the earlier decision is barred. *Mobbs v. City of Lehigh*, 1982 OK 149, 655 P.2d 547.

## ANALYSIS

¶9 The parties' residential rental agreement is governed by the ORLTA, 41 O.S. 2001, § 101 *et seq.* The ORLTA "applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit within this state." 41 O.S.2001, § 103(A). By the ORLTA's very terms, the Legislature has expressed its intent to occupy the field of the residential landlord/tenant relationship, including the contractual aspect of the landlord/tenant relationship. *See Tate v. Browning–Ferris, Inc.*, 1992 OK 72, ¶11 fn. 36, 833 P.2d 1218, 1226 fn. 36. Any agreement, or provision therein, which conflicts with the ORLTA is unenforceable. *See* 41 O.S.2001, § 103(B).

¶10 Section 118 of the ORLTA sets forth a residential landlord's duties.

A. A landlord shall at all times during the tenancy: . . .

2. Make all repairs and do whatever is necessary to put and keep the tenant's dwelling unit and premises in a fit and habitable condition;

3. Maintain in good and safe working order and condition all ... *heating, ventilating, air-conditioning* and other facilities and appliances, ... supplied or required to be supplied by him; ... (Emphasis added.)

Paragraph 13 in the parties' residential lease agreement also places a duty on Landlord.

13. **Equipment.** Tenant shall use all equipment only in a safe and nondestructive manner, and in the event of a temporary interruption of electric, gas, water or trash removal service, or failure or breakdown of the heating, air conditioning, kitchen appliances, plumbing or electric equipment, Landlord shall not be liable to Tenant. Tenant shall notify Landlord of such interruption or failure, and *Landlord shall make repairs with reasonable promptness,* and rent shall not abate during said period. (Emphasis added.)

41 O.S.2001, § 118.

¶ 11 Therefore, pursuant to the ORLTA and the parties' rental agreement, Landlord had a statutory and contractual duty to maintain Tenants' rental property in a fit and habitable condition. This duty clearly included the HVAC system. Upon interruption or failure of the HVAC system and notice by Tenants, Landlord had a duty to make repairs or do whatever is necessary to put and keep the Tenants' dwelling unit and premises in a fit and habitable condition. *See* 41 O.S. 2001, § 118(A)(2).

¶ 12 Section 121 of the ORLTA sets forth a tenant's remedy(ies) upon a landlord's breach of his duties under the ORLTA and any corresponding rental agreement covered by the Act, such as the parties' rental agreement. Landlord contends the ORLTA provides Tenants with their exclusive remedy(ies). Section 121 provides:

A. Except as otherwise provided in this act, if there is a material noncompliance by the landlord with the terms of the rental agreement or a noncompliance with any of the provisions of Section 18 of this act which noncompliance materially affects health or safety, the tenant may deliver to the landlord a written notice specifying the acts and omissions constituting the breach and that the rental agreement will terminate upon a date not less than thirty (30) days after receipt of the notice if the breach is not remedied within fourteen (14) days, and thereafter the rental agreement shall so terminate as provided in the notice unless the landlord adequately remedies the breach within the time specified.

B. Except as otherwise provided in this act, if there is a material noncompliance by the landlord with any of the terms of the rental agreement or any of the provisions of Section 18 of this act which noncompliance materially affects health and the breach is remediable by repairs, the reasonable cost of which is less than One Hundred Dollars ($100.00), the tenant may notify the landlord in writing of his intention to correct the condition at the landlord's expense after the expiration of fourteen (14) days. If the landlord fails to comply within said fourteen (14) days, or as promptly as conditions require in the case of an emergency, the tenant may thereafter cause the work to be done in a workmanlike manner and, after submitting to the landlord an itemized statement, deduct from his rent the actual and reasonable cost or the fair and reasonable value of the work, not exceeding the amount specified in this subsection, in which event the rental agreement shall not terminate by reason of that breach.

C. Except as otherwise provided in this act, if, contrary to the rental agreement or Section 18 of this act, the landlord willfully or negligently fails to supply heat, running water, hot water, electric, gas or other essential service, the tenant may give written notice to the landlord specifying the breach and thereafter may:

1. Upon written notice, immediately terminate the rental agreement; or

2. Procure reasonable amounts of heat, hot water, running water, electric, gas or other essential service during the period of the landlord's noncompliance and deduct

their actual and reasonable cost from the rent; or

3. Recover damages based upon the diminution of the fair rental value of the dwelling unit; or

4. Upon written notice, procure reasonable substitute housing during the period of the landlord's noncompliance, in which case the tenant is excused from paying rent for the period of the landlord's noncompliance.

D. Except as otherwise provided in this act, if there is a noncompliance by the landlord with the terms of the rental agreement or Section 18 of this act, which noncompliance renders the dwelling unit uninhabitable or poses an imminent threat to the health and safety of any occupant of the dwelling unit and which noncompliance is not remedied as promptly as conditions require, the tenant may immediately terminate the rental agreement upon written notice to the landlord which notice specifies the noncompliance.

41 O.S.2001, § 121.

¶ 13 Accordingly, § 121 provides a tenant with remedies for a landlord's breach of its duty to provide a dwelling that is in a fit and habitable condition and to maintain and make necessary repairs. If the dwelling is *uninhabitable*, if the landlord willfully or negligently *fails to provide heat or other essential service*, or if the landlord's breach of its duties materially *affects the health or safety* of any occupant of the dwelling, the tenant's remedies exist under the ORLTA. However, if a landlord's breach of its duties results in *damage to a tenant's personal property*, the ORLTA is silent, *i.e.*, it does not expressly provide for a remedy.

¶ 14 In *Wagoner v. Bennett*, 1991 OK 70, 814 P.2d 476, the Oklahoma Supreme Court addressed whether the ORLTA is the exclusive means by which a landlord or tenant may be held accountable for damages. In *Wagoner*, the tenant wished to pursue a common law action for wrongful eviction instead of the statutory action under the ORLTA. The Court held the ORLTA fixed the tenant's remedy for wrongful removal or exclusion from a dwelling and that it supplanted the common law action for wrongful eviction. *Id.* at ¶ 16, 814 P.2d at 480.

■ ¶ 15 Prior case law is consistent with this view. "Where a statute creates a right and prescribes a remedy for its violation, the remedy thus prescribed is exclusive." *Ewing v. Cadwell*, 1925 OK 751, ¶ 6, 247 P. 665, 666 (citation omitted). However, the common law remains in full force and effect unless a statute explicitly provides to the contrary. *See* 12 O.S.2001, § 2; *Tate v. Browning–Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218;[1] *Weatherall v. Yorktown Homeowners' Assoc., Inc.*, 1993 OK CIV APP 59, 852 P.2d 815. In *Wagoner*, the Court permitted the tenant to bring a common law cause of action for conversion or injury to personal property because the ORLTA did not address these common law remedies. *Id.* at ¶ 22, 814 P.2d at 481. Thus, the ORLTA is not the exclusive means by which a landlord or tenant may be held accountable for damages. *See, e.g., Cordes v. Wood*, 1996 OK

---

1. In *Tate v. Browning–Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218, the Oklahoma Supreme Court noted the common law remains in full force unless a statute explicitly provides to the contrary. "We are not unmindful of cases which hold that a statutory remedy is exclusive when the statute appears to create both a new right and a new remedy. *Ewing v. Cadwell*, 121 Okl. 115, 247 P. 665, 666 (1926); *Alfe v. New York Life Ins. Co.*, 180 Okl. 87, 67 P.2d 947 (1937) (the court's syllabus § 1). These cases are limited to situations where an enactment imposes some new duty and fashions a new remedy for the enforcement of a new right whose breach becomes redressible solely by that remedy. Those cases hold that the predecessor statutes of our Residential Landlord and Tenant Act, 41 O.S. 1991 § 101 *et seq.*, exclusively occupied the field

of landlord/tenant relationship and precluded a tort action by a tenant against the landlord. In *Wagoner v. Bennett*, 1991 OK 70, 814 P.2d 476, 480 (1991), the court looked to the Residential Landlord and Tenant Act itself to assay its sweep. That act explicitly provides that it "applies to, regulates, and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit located within this state." By these words, the court held, the legislature expressed an intent to occupy the field of residential landlord/tenant relationship. *Wagoner* posed a question unlike that confronting us today—whether punitive damages might be awarded where the statute substitutes double damages as a penalty. *Id.* at ¶ 11 fn. 36, 833 P.2d at 1226 fn. 36."

68, 918 P.2d 76 (tenants may pursue their common law remedies for negligence), citing *Wagoner*, 1991 OK 70, 814 P.2d 476.

¶ 16 Accordingly, we reject Landlord's assertion the remedies set forth in § 121 are exclusive and that the ORLTA has abrogated all common law remedies. Although the ORLTA provides Tenants with a remedy when the leased dwelling is uninhabitable, when Landlord fails to provide an essential service, or when an occupant's health or safety is at risk due to Landlord's breach of duties arising under the Act or the parties' agreement, the ORLTA does not provide a remedy for Landlord's breach of duties resulting in damage to Tenants' personal property. Accordingly, the remedies set forth in § 121 are not Tenants' exclusive remedies for their personal property damage claim.

¶ 17 Landlord also cites Paragraphs 13 and 23 in the parties' rental agreement to establish he is not liable to Tenants for the failure or breakdown of the HVAC system and any resulting property damage. Paragraph 13 provides, in relevant part:

13. Equipment .... in the event of a ... failure or breakdown of the heating, air conditioning ... equipment, Landlord shall not be liable to Tenant. Tenant shall notify Landlord of such interruption or failure, and Landlord shall make repairs with reasonable promptness, and rent shall not abate during said period.

Paragraph 23 provides:

**Personal Property:** Landlord shall not be liable for any damage or loss to any person or property cause by the acts or omissions of Tenants or others. Further, Landlord shall not be liable for personal injury, damage or loss of Tenant's personal property from theft, vandalism, fire, rising water, water leaks, or seepage from any source, rainstorms, smoke, explosions, sonic booms or other causes whatsoever, in the event Landlord provides or allows Tenant to store personal property on the premises, Tenant accepts all risk of loss or damage and agrees to hold Landlord harmless therefrom. LANDLORD STRONGLY RECOMMENDS THAT TENANT SECURE TENANT'S OWN INSURANCE TO PROTECT TENANT AND TEN-ANT'S PROPERTY FROM ALL OF THE ABOVE OCCURRENCES. (Emphasis in original.)

¶ 18 Paragraphs 13 and 23 clearly waive Landlord's liability for his failure to comply with his duties under the parties' rental agreement. However, § 113 of the ORLTA expressly prohibits any agreement between a landlord and tenant which purports to waive a landlord's duty to maintain the dwelling or purports to waive a tenant's right or ability to bring an action for damages. Section 113 provides, in relevant part:

A. A rental agreement may not provide that either party thereto:

1. Agrees to waive or forego rights or remedies under this act; ...

4. Agrees to the exculpation, limitation or indemnification of any liability arising under law for damages or injuries to persons or property caused by or resulting from the acts or omissions of either party, their agents, servants or employees in the operation or maintenance of the dwelling unit or the premises of which it is a part; or ...

B. A provision prohibited by subsection A of this section and included in a rental agreement is unenforceable.

41 O.S.2001, § 113. To the extent Paragraphs 13 and 23 conflict with § 113 of the ORLTA, they are prohibited and unenforceable.

¶ 19 Accordingly, upon review of the summary judgment record on appeal, Landlord has not established he is entitled to judgment as a matter of law. The trial court's June 12, 2008, order is therefore reversed and the matter remanded for further proceedings.

¶ 20 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WISEMAN, J., and FISCHER, J., concur.