## ARNOLD v. WALTERS.

No. 34239.    July 18, 1950.

Rehearing Denied Oct. 3, 1950.

Second Petition for Rehearing Denied Oct. 24, 1950.

*224 P. 2d 261.*

James R. Eagleton and O. A. Cargill, Jr., both of Oklahoma City, for plaintiff in error.

Kenneth J. Wilson and Harold C. Theus, both of Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from a judgment of the district court of Oklahoma county in an action by defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant, to recover damages for personal injuries.

Plaintiff in her petition alleged, in substance, that defendant was the owner of an apartment house located at 619 South Hudson street in Oklahoma City, Oklahoma; that said apartment house was occupied by tenants, of which plaintiff was one; that defendant had provided a wooden walk in front of said house between the house and sidewalk for the use of said tenants; that prior to May 10, 1948, defendant negligently allowed said wooden walk to become unsafe in that most of the boards of said walk had become loose, some were off entirely, so that there were holes in said walk, and many of the boards were warped and uneven; that the condition thereof was known to defendant, or would have been known to him had he used ordinary reasonable care and diligence; that on or about May 10, 1948, plaintiff, while walking from the front porch of said apartment house to her apartment located at the rear of said apartment house, as a result of the unsafe condition of said walk,

tripped on said walk and fell to the ground, thereby sustaining severe and permanent bodily injuries and pain and suffering, particularly a fracture of her right hip.

She prayed for judgment in the sum of $18,320.

After unsuccessful demurrer to the petition, defendant answered by general denial; that plaintiff's injuries were the result of her own negligence and want of care for her own safety; plaintiff's contributory negligence, and that said petition does not state a cause of action in favor of plaintiff and against defendant by reason of the statutes of the State of Oklahoma pertaining to landlord and tenant.

The cause was tried to a jury resulting in a verdict in favor of the plaintiff for $3,730. Judgment was entered accordingly, and defendant, after unsuccessful motion for new trial, appeals.

The assignments of error are presented under a single proposition: That 41 O. S. 1941 §§31 and 32 provide the exclusive remedy for a tenant of dwelling, and landlord's failure to repair, and tenant cannot maintain a tort action for injuries resulting from failure to repair.

It is unnecessary to consider the evidence, except to say that there was evidence sufficient to sustain all the material allegations of plaintiff's petition. The only question presented in the briefs is that stated in the above proposition relative to 41 O. S. 1941 §§31 and 32.

41 O. S. 1941 § 31 provides:

"The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, except that the lessee must repair all deteriorations or injuries thereto occasioned by his ordinary negligence."

41 O. S. 1941 §32 provides:

"If within a reasonable time after notice to the lessor of dilapidations which he ought to repair, he neglects to do so, the lessee may repair the same himself, and deduct the expense of such repairs from the rent, or otherwise recover it from the lessor; or the lessee may vacate the premises, in which case he shall be discharged from further payment of rent, or performance of other conditions."

Plaintiff in error cites decisions applying those statutes in cases where the lessee takes over the entire building and all control thereof. In such cases they do apply. But no authority is cited applying those statutes to a case such as this where the tenant is not lessee of the entire building but only of quarters or a room, or rooms, in the building.

The question then arises as to what the rule is where a building is so constructed that the enjoyment of the use of the same by different tenants necessitates or permits the use of stairs, hallways, walks, bathrooms, etc., which are, of necessity, not included in any of the leases, and the control of which does not pass to any one tenant.

The rule in such case is stated in 52 C. J. S. page 29, as follows:

"Where the halls, stairways, and other approaches to a building are reserved by the landlord for use in common by himself and tenants, or by different tenants, as a general rule the landlord is under an implied duty to use reasonable care to keep such places in a safe condition and is liable for injuries to the tenant or other persons lawfully using those places which occur as a result of his failure to perform that duty."

In the notes, cases from some seventeen different states are cited in support of the text. The rule apparently applies to business property (Johnston v. De La Guerra Properties, 28 Cal. 2d 394, 170 P. 2d 5), as well as residential property. Ziulkowski v. Kolodziej, 119 Conn. 230, 96 A. L. R. 1965.

The rule is stated in 32 Am. Jur., Landlord and Tenant, §688, page 561, as follows:

"It is generally held that where the owner of premises leases parts thereof to different tenants and expressly or impliedly reserves other parts thereof, such as entrances, halls, stairways, porches, walks, etc., for the common use of different tenants, it is his duty to exercise reasonable care to keep safe such parts of which he so reserves control, and if he is negligent in this regard, and a personal injury results by reason thereof to a tenant or to a person there in the right of the tenant, he is liable, provided the injury occurs while such part of the premises is being used in the manner intended."

Such was the theory upon which the plaintiff in the instant case based her action. In her petition she alleged:

"That said apartment house was occupied by tenants, of which the plaintiff was one, and that defendant had provided a wooden walk in the front of said house between the house and the sidewalk, for the use of said tenants and all persons properly going to or from the apartments."

That was the theory upon which the case was submitted to the jury. The court, in the first part of instruction No. 7, instructed the jury:

"You are further instructed that where the owner of premises leases parts thereof to different tenants and expressly or impliedly reserves other parts hereof, such as entrances, halls, hall-ways, approaches, walkways and so forth, for the common use of different tenants, it is his duty to exercise reasonable and ordinary care to keep and maintain such portions thereof which he so reserves control of, in a reasonably safe condition, and in this connection, you are instructed that it was the duty of the defendant, E. C. Arnold, in connection with the maintenance of his premises, to exercise ordinary care, to provide suitable and safe walk-ways in and about the premises where the tenants and other invitees might reasonably be expected to walk. . . ." ·

The reason for the rule applicable where the owner of premises, such as an apartment house, leases parts thereof to different tenants, is apparent. In such case no one tenant has possession or control of those parts of the premises which must or may be used by all the tenants in their enjoyment of their respective apartments, such as the walks leading from the street to the entrances of the building, walks leading to a bathroom, used in common by all the tenants, as in the instant case. The owner of the premises when he leases an apartment to a tenant, by necessary implication, gives that tenant the right to use such walks and, if he does not expressly do so, by like inference he reserves the right to give tenants of other apartments in the building the use of such parts of the premises. Under that rule and the facts in the instant case, the rule relied upon by defendant, and the cases cited by him, have no application. They are applicable only to residence property where the possession or right to use the whole premises passes to the tenant.

Affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, and JOHNSON, JJ., concur. GIBSON and HALLEY, JJ., dissent.