STAPLES v. BATY.

No. 34638. March 11, 1952.

Rehearing Denied April 8, 1952.

242 P. 2d 705.

Smith & Smith, Miami, for plaintiff in error.

Robert E. Nesbitt, Frank Nesbitt, and Nelle Nesbitt, Miami, for defendant in error.

PER CURIAM. Effie Baty brought this action for personal injuries sustained by her when a step, on a common stairway of the building in which she was one of several tenants and upon which she was descending, collapsed. The defendant, Staples, owned the

building and occupied the first floor for his business and also as his living quarters. The plaintiff, Mrs. Baty, was one of several tenants occupying rooms on the second floor of the building, where she had lived since 1944. The building extended east and west from Main street to the alley in Afton, Oklahoma, and was adjoined to the north by a similar building owned by one Stone, who also rented rooms on the second floor. A common hallway together with a front stairway leading to Main street and a rear stairway leading to the alley were all used by the tenants of both buildings. The stairway leading to the alley was on the outside and directly behind and a part of Staples' building and was of frame construction.

On July 20, 1949, while the plaintiff was descending the back stairway, a wood block underneath and supporting one of the wood steps gave way under the plaintiff's weight, causing her to fall some eight to ten feet into a coal bin underneath the stairway. As a result of the fall the plaintiff sustained a fractured ankle and leg abrasions from which she was hospitalized several days and was on crutches for several months.

Staples has appealed from the trial court's judgment rendered on the jury's verdict for plaintiff in the sum of $2,500. He contends that 41 O. S. 1941, §§31, 32, as construed by this court, control.

Said sections provide in effect that the lessor of a building occupied by human beings must repair dilapidations not caused by the negligence of the lessee and that if the lessor fails to do so within a reasonable time after notice, the lessee may make such repairs himself at the expense of the lessor or vacate the premises and be relieved from the further payment of rent. This court has held that the remedies therein provided are exclusive and that the tenant has no right of action in tort for damages to person or property resulting from the failure of the lessor to make such repairs.

We so held in Ewing v. Cadwell, 121 Okla. 115, 247 P. 665; Lavery v. Brigance, 122 Okla. 31, 242 P. 239; Young v. Beattie, Adm'x, 172 Okla. 250, 45 P. 2d 470; Arbuckle Realty Trust v. Rosson, 180 Okla. 20, 67 P. 2d 444; Alfe v. New York Life Ins. Co., 180 Okla. 87, 67 P. 2d 947; and King v. Collins, 190 Okla. 601, 126 P. 2d 76.

Staples contends that the trial court committed error in overruling his motion for new trial and in giving instructions 6 and 7. Therein the court, in substance, instructed the jury that where the lessor rented rooms or apartments to tenants and retained control of the stairways, the lessor had the duty to exercise ordinary care in keeping such stairways safe for the reasonable use of his tenants and that should the jury find by a preponderance of the evidence that Mrs. Baty was injured by reason of the defective condition of the stairway, that Staples knew or in the exercise of ordinary care should have known of the defective condition, that Mrs. Baty had not been warned and did not know of and in the exercise of ordinary care could not have discovered the defective condition, then their verdict should be for Mrs. Baty in such an amount as would reasonably compensate her for her injuries.

The rule of the Ewing case and the cases following it is dependent upon control of the premises being in the lessee and does not apply where the injury or damage results from a want of repairs in a part of the premises over which the lessor retains control. In the Lavery, Young, and Arbuckle cases, we specifically limited the rule to those instances in which the control of the premises was in the tenant. The Ewing, Alfe and King cases involved residential properties wherein the tenant had control of the entire premises.

In Lander v. Hornbeck, 74 Okla. 239, 179 P. 21, we held:

"Where the owner of a building leases different floors or rooms to different tenants, but retains control and man-

agement of the elevator in the building, he is responsible for injuries to tenants, their employees, and such other persons as may be lawfully using the same, where the injuries are due to the negligent management, operation, or use thereof."

In Kennedy v. Supnick, 82 Okla. 208, 200 P. 151, we quoted with approval from 16 R. C. L., p. 1037, as follows:

"It is generally held that where he (the landlord) retains possession of a portion of leased premises for use in common by different tenants, a duty is by law imposed upon him to use ordinary care to keep in safe condition this particular part of the leased premises, and if he is negligent in this regard and a personal injury results to a tenant by reason thereof, he is liable therefor."

Also, see Arnold v. Walters, 203 Okla. 503, 224 P. 2d 261. This is the general rule. 32 Am. Jur., p. 561, §688, and 52 C. J. S. pp. 29 and 30.

The rear stairway upon which Mrs. Baty was injured provided access for all of the tenants on the second floor and was under the control of the lessor. Staples testified that he had certain work done on the stairway about ten days before the injury and that at that time he planned to build a new stairway when he was able to secure materials. Whether he, at that time, warned the plaintiff not to use the rear stairway except in an emergency was a disputed question of fact and was submitted to the jury. Staples, having the control of the rear stairway, had the duty to exercise ordinary care to maintain it in a safe condition and the questions of whether he negligently failed to comply with that duty and whether the injury resulted therefrom were properly submitted to the jury.

Affirmed.

This court acknowledges the services of Attorneys Edwin S. Hurst, Clarence A. Warren, and Carl H. Livingston, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.