R. C. HOOVER, Appellant,

v.

C. G. WUKASCH et al., Appellees.

No. 10262.

Court of Civil Appeals of Texas.

Austin.

Jan. 12, 1955.

F. L. Kuykendall, Austin, for appellant.

Louis Scott Wilkerson, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the trial court sustaining plaintiff's motion for Summary Judgment.

The appeal is based on three points assigned as error and are as follows:

"1. The trial court erred in holding that, under the contract, there was no obligation on the part of lessors to repair the roof of the building until lessee had given lessors written notice and lessors had had a reasonable time within which to repair said roof.

"2. Since the contract to lease was prepared by lessors, and since its terms are ambiguous and uncertain as to the duty of lessors to repair said roof, the trial court erred in resolving such ambiguity and doubt in favor of the lessor —the rule in such instances being that ambiguities and doubts will be resolved against the lessors and in favor of the lessee.

"3. Since the pleadings alleged facts which, if true, justified the defendant in vacating the premises because of the leaky roof, or at least justified a diminution in rental value of the premises because of the failure of lessors to keep the roof in repair after even verbal notification, the trial court erred in granting plaintiffs' motion for summary judgment."

The suit was instituted by the appellee as landlord against appellant as tenant for the recovery of rents accruing on a rental covenant contained in a contract to lease. The contract was executed on July 1, 1948 and was a lease of certain business property in Austin, Texas from appellee and her then husband, now deceased, to appellant for a term of five years, terminating August 31, 1953. The total rent covenanted to be paid by the tenant was agreed to be $23,040, payable in specified monthly installments. The tenant occupied the premises for more than two and one half years and paid $11,840, and failed to pay any of the balance.

On June 1, 1951, the tenant, appellant herein, vacated the premises.

Appellant originally took the position that the contract was completely void at its inception and constituted no enforcible obligation and obtained a Summary Judgment to such effect. The case was appealed and this Court rendered its opinion reported in Wukasch v. Hoover, 247 S.W.2d 593, reversing and remanding the cause. Our Supreme Court in Hoover v. Wukasch, Tex., 254 S.W.2d 507, rendered its decision affirming our judgment and reference is made to both of these opinions for a discussion and determination of the subject matter.

Since it has been held that the contract was operative as a valid and enforcible contract to lease, and imposed on the tenant an executory obligation to pay the rental agreed on, the tenant is liable therefor.

The appellant seeks an avoidance from further performance of the rent covenant because of an alleged failure by appellee to perform an alleged covenant to repair the roof on the premises, which omission appellant asserts rendered the premises untenantable and alternatively that he should at least be entitled to an "offset or credit," because of the leaky condition of the roof.

These affirmative contentions of the tenant presented a law question of whether the contract contained a landlord's covenant to repair the roof and whether, in the light of the admitted facts that no written notice of necessity for repairs to the roof was ever given the landlord, any duty to perform any such repair was ever legally activated.

The trial court had a hearing on the motion for Summary Judgment, and con-

cluded that in view of the admitted fact that the landlord was never given any written notice of necessity for repairs to the roof, that the tenant did not have any legal excuse for his failure to fully perform his rent covenant, and rendered judgment for the amount both parties agreed should be paid if the trial court's judgment on such law question was correct.

We believe that the trial court was justified in granting the motion and in rendering the judgment that was entered, as there were no genuine disputed issues of fact.

A tenant takes rented premises as he finds them and there is no obligation upon the landlord to keep any part of them in repair unless expressly so covenanted, and any omission to repair will not excuse the tenant from performance of his rent covenant. 27 Tex.Jur., 250, Sec. 141; 33 Am. Jur. 521, Sec. 657; Japhet v. Polemanakos, Tex.Civ.App., 160 S.W. 416, er. dism.; 27 Tex.Jur. 253, Sec. 143.

Paragraph 8 of the rental contract is as follows:

"Lessors shall not be liable for any damage that may result to any property of lessee or his tenants on account of failure to make repairs to the roof of said property until lessors shall have been given written notice of the necessity for such repairs and shall have had a reasonable time after receipt of such notice within which to make such repairs."

It is apparent that the parties covenanted that there would be no duty on the landlord to repair the roof until the tenant gave the written notice of the necessity for such repairs. Kennedy v. Supnick, 82 Okl. 208, 200 P. 151, 28 A.L.R. 1525; Stone v. Sullivan, 300 Mass. 450, 15 N.E.2d 476, 116 A.L.R. 1223; Morton v. Burton-Lingo Co., 136 Tex. 263, 150 S.W.2d 239.

We do not believe that the tenant can rely on constructive eviction by way of avoidance of the obligation to pay rents, because of the omission of the landlord to repair the roof, thereby rendering the improvements on the premises demised untenantable.

A "constructive eviction" of tenant by landlord is an intentional act or omission of the landlord, or by those acting under his authority, or with his permission, permanently depriving tenant without his consent of the use and beneficial enjoyment of demised premises, or any substantial part thereof, so that tenant abandons the premises. Stillman v. Youmans, Tex.Civ.App., 266 S.W.2d 913.

We do not believe that, since the duty of the landlord to repair the roof was not activated, any leaky condition thereof would entitle the tenant to any "diminution" of the rentals.

It is admitted that the landlord was not given written notice of the leaky condition of the roof, and a necessity for repairs to the roof, and consequently no default. Kennedy v. Supnick, 82 Okl. 208, 200 P. 151, 28 A.L.R. 1525; Stone v. Sullivan, supra.

The judgment of the trial court is affirmed.

Affirmed.