Wanda Lee PRICE, Plaintiff in Error,

v.

Roy W. SMITH, Defendant in Error.

No. 39696.

Supreme Court of Oklahoma.

July 10, 1962.

Miller & Lamm, Charley Russell Miller, Margaret Lamm, Tulsa, for plaintiff in error.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Dan A. Rogers, Tulsa, for defendant in error.

DAVISON, Justice.

This litigation was occasioned by a small fire in an apartment bathroom at 1224 South Carson Street in Tulsa, Oklahoma. The present action was instituted by Wanda Lee Price (plaintiff below and plaintiff in error on appeal) who sought to recover against her mother's landlord, Roy W. Smith (defendant in error) for injuries sustained by her when burned in the course of the fire. She charged negligence in the installation of an improper, illegal and defective connection to the bathroom heater which was asserted to have caused the escaping gas to ignite. The trial court directed the jury to return a verdict in favor of the defendant-landlord, and plaintiff brought this appeal after her motion for a new trial was denied. The sole question submitted for our determination is whether the evidence adduced below is sufficient, as a matter of law, to show the existence of

any legal duty on the part of the defendant to protect plaintiff from the injury claimed to have been sustained.

█ Defendant asserts that plaintiff stands here in the same position as her tenant-mother who has no right of action against the landlord for personal injuries resulting from the latter's failure to make repairs and make the premises fit for human occupancy. Cited in support of this argument are the following decisions by this court: Lavery v. Brigance, 122 Okl. 31, 242 P. 239; Ewing v. Caldwell, 121 Okl. 115, 247 P. 665; Young v. Beattie, 172 Okl. 250, 45 P.2d 470; Alfe v. New York Life Ins. Co., 180 Okl. 87, 67 P.2d 947, and King v. Collins, 190 Okl. 601, 126 P.2d 76.

The application of the rule announced in the cited cases is dependent upon the showing that the control of the premises is entirely and exclusively within the lessee, and the principle of law does not apply where the injury or damage results from a defective condition or faulty construction in that part of the premises over which the lessor retains control. Staples v. Baty, 206 Okl. 288, 242 P.2d 705, 707; Arnold v. Walters, 203 Okl. 503, 224 P.2d 261; Lander v. Hornbeck, 74 Okl. 239, 179 P. 21; Kennedy v. Supnick, 82 Okl. 208, 200 P. 151, 152, 28 A.L.R. 1520.

The general rule that a landlord is not liable to a tenant (or a member of his family) for injuries due to the defective condition or faulty construction of the demised premises in the absence of fraud, concealment, deceit or an express warranty of fitness for human habitation, is subject to a well recognized exception. When a portion of the demised premises is reserved by the landlord or kept open for the use in common by himself and his tenant, or by different tenants, a duty is imposed upon the property owner to exercise ordinary care to maintain that particular portion of the premises in a safe condition. If the landlord be negligent in this regard and a personal injury result by reason thereof to a tenant or one in his family, the property owner is liable if the injury occurs while such part of the premises is being used in the manner intended. Arnold v. Walters, supra; Staples v. Baty, supra; Harris v. Joffe, 28 Cal.2d 418, 170 P.2d 454, 458; 52 C.J.S. Landlord and Tenant § 417, p. 29; 32 Am.Jur., Landlord and Tenant, Sec. 689, p. 564, 565; See also Brandt v. Rakauskas, 112 Conn. 69, 151 A. 315.

█ In passing upon a demurrer or a motion for a directed verdict, the trial court should consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrant or movant. Bryan v. Hough, Okl., 365 P.2d 124; City of Enid v. Reeser, Okl., 355 P.2d 407, 410. If under any view of the evidence so considered there is any competent evidence to show a right to recover, the cause should be submitted to a jury. Towery v. Guffy, Okl., 358 P.2d 812.

█ When viewed in the light of this test, plaintiff's evidence amply discloses that defendant, who admittedly retained one room in the premises demised, also reserved and kept open the bathroom for use in common by himself and his tenants. In fact, defendant did concede that he had "permission" to use the bathroom. The tenant testified that defendant regularly changed light bulbs in the bathroom, replaced tissue paper, and did occasional repairs therein. There is therefore sufficient evidence from which the jury could have concluded that defendant did in fact reserve and keep open the bathroom, in which plaintiff was injured, for the use in common by himself and his tenant.

Plaintiff urges further grounds that the lower court erred in directing a verdict for defendant. These are that defendant violated a city ordinance in using copper tubing in making the gas connection and that, gas being a dangerous substance, defendant was charged with a high degree of care in making the connection. These re-

late to the claimed negligence of the defendant. The fact that the defendant made the connection to the bathroom heater is undisputed. There was some evidence offered on behalf of plaintiff, although disputed, that copper tubing was used in making the connection.

From our view of the record we find plaintiff's evidence sufficient to make out a prima facie case of negligence for submission to the jury under proper instructions.

There was error in determining that plaintiff did not show a prima facie right to recover against the defendant-landlord. Judgment directing a verdict in favor of defendant is accordingly reversed and case remanded to the trial court with directions to grant plaintiff a new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.