George S. GEESING and Catherine J. Geesing, Plaintiffs in Error,

v.

Ollie PENDERGRASS, Defendant in Error.

No. 41064.

Supreme Court of Oklahoma.

July 26, 1966.

Best, Sharp, Thomas & Glass, Jack M. Thomas, Joseph A. Sharp, Tulsa, for plaintiffs in error.

Smith & Townsend, Tulsa, for defendant in error.

BERRY, Justice.

Plaintiff brought this action against defendants as landlord (herein designated singular) for damages for personal injuries allegedly resulting from collapse of a stairway when visiting his relatives' second story apartment rented from defendant. The plaintiff prevailed at a trial by jury.

On appeal the defendant relies primarily on the insufficiency of plaintiff's evidence to support the verdict, contending the trial court erred in refusing to sustain defendant's demurrer to plaintiff's evidence and defendant's motion for directed verdict.

In testing the sufficiency of a demurrer to evidence, or motion for directed verdict, we do so by examining all the evidence and reasonable inferences deducible therefrom, most favorable to the one against whom the motion is directed and against the movant. Price v. Smith, Okl., 373 P.2d 242.

The evidence shows that plaintiff was a tenant in a duplex which was located on the same premises as a four unit apartment house. Plaintiff's daughter and son-in-law, the Bridgewaters, occupied an upstairs unit of the apartment house. Defendant owned the entire premises and rented both to the plaintiff and the Bridgewaters, and also to tenants in the other duplex and apartments. Plaintiff and his family were frequent visitors to the Bridgewater apartment. Both families had lived there 3 or 4 months prior to the occasion which prompted this litigation.

There were two entrances to the Bridgewater apartment. The one most frequently used by plaintiff was accessible by taking

only a few steps from the rear of his duplex to a Y shaped stairway on the exterior and west side of the apartment house. The lower portion of the stairway was a common stairs leading to a common porch providing access either northerly and upward to the Bridgewater apartment or southerly and upward to the apartment occupied by another tenant. On the morning of February 2, 1963, plaintiff, his wife and a daughter were ascending the stairway between the common porch and the platform leading into the Bridgewater apartment when the stairway collapsed and plaintiff received injuries when he fell to the ground. Plaintiff, nor any witness in his behalf, had detected any cause for concern about the condition of the stairway prior to its collapse. The evidence showed, when examined after the collapse, that some of the lumber in the stairway was rotten; also that the back side of the common porch or platform had "scooted" south "two or three inches."

Defendant's testimony shows that he purchased the premises in 1956, and had rebuilt this stairway in 1959; had examined the stairway two or three weeks before it fell; had serviced this unit; that the lumber was not rotten but had split; that his examination failed to ascertain any defects in the stairway and that it was sound prior to collapse; and the common porch had not moved or "scooted" but had remained in its original position.

Plaintiff's petition, inter alia, alleged negligence of the defendant in failing to maintain the common porch, stairway and landing leading to the Bridgewater apartment, and permitting the premises to be and remain in a dangerous and hazardous condition which was the proximate cause of injuries sustained by plaintiff.

Defendant generally denied plaintiff's allegations and alleged unavoidable casualty; that the defective condition was latent in nature and could not have been ascertained by reasonable inspection; that all times prior to the accident the steps leading to the apartment were in solid condition and no complaint had been made concerning any defects.

■ On appeal the first contention urges error of the trial court in failing to sustain defendant's demurrer to plaintiff's evidence, and in refusing to sustain defendant's motion for a directed verdict.

Defendant's theory is that the involved stairway was a private way in the exclusive possession and control of the Bridgewaters for their exclusive use, and defendant was under no obligation to maintain the stairway.

This contention appears somewhat inconsistent with allegations of the answer wherein defendant asserted unavoidable casualty, latent defects not ascertainable on reasonable inspection, and that the stairway was in solid condition prior to the accident. Defendant urges his position at all times has been that the proof clearly established the stairway involved was not a public or common stairway serving only the north apartment. The testimony in this regard shows the Bridgewater apartment was a furnished apartment, and from time to time the defendant used these steps while caring for the apartments. This issue, however, is not determinative of this case. The evidence, even though disputed by the defendant, shows that the common porch "scooted" 2 or 3 inches and we conclude that the jury reasonably could have inferred that this was the cause of the stairway collapsing. Upon this basis we can see no significance as to where plaintiff actually was standing when the stairway collapsed.

■ In Arnold v. Walters, 203 Okl. 503, 224 P.2d 261, the syllabus states:

"Where the owner of an apartment house leases parts thereof to different tenants and expressly or impliedly reserves other parts thereof, such as entrances, halls, stairways, porches, walks, etc., for the common use of different tenants it is the owners duty to exercise reasonable care to keep safe such parts of which he so reserves control, and if he

is negligent in this regard and a personal injury results by reason thereof to a tenant, he is liable, provided the injury occurs while such part of the premises is being used in the manner intended."

Also see Staples v. Baty, 206 Okl. 288, 242 P.2d 705, and cases cited; 32 Am.Jur., Landlord and Tenant §§ 688, 689; Annotations 96 A.L.R. 1065.

Defendant cites and relies on Price v. Smith, Okl., 373 P.2d 242, and urges that the evidence conclusively shows the stairway involved was a private stairway leading only to the Bridgewater apartment, and under their exclusive possession and control. Therefore the defendant asserts the general rule is applicable in this case rather than the exception. Defendant quotes from page 244 of Price, supra:

"The general rule that a landlord is not liable to a tenant (or a member of his family) for injuries due to the defective condition or faulty construction of the demised premises in the absence of fraud, concealment, deceit or an express warranty of fitness for human habitation, is subject to a well recognized exception. When a portion of the demised premises is reserved by the landlord or kept open for the use in common by himself and his tenant, or by different tenants, a duty is imposed upon the property owner to exercise ordinary care to maintain that particular portion of the premises in a safe condition. * * *"

The facts reflected do not support defendant's theory. The evidence was sufficient to permit the inference that the common platform gave way or "scooted." The evidence showing defendant's frequent access to the premises and use of this stairway negates the claim of exclusive control in the tenant, and the jury was entitled to so find.

■ Defendant's second proposition asserts error of the trial court in refusing to declare a mistrial by reason of continued misconduct on the part of plaintiff's counsel.

Plaintiff's counsel introduced photographs showing the reconstructed stairway after it had collapsed. This evidence was admitted by the trial court for a specific purpose.

Later counsel attempted to examine a witness as to the material used in rebuilding the structure. This evidence would have served to emphasize the size and dimensions of the rebuilt stairway compared with the one that collapsed; other attempts were subsequently made to inject testimony in regard to the rebuilt stairway. On each occasion defendant's objection was sustained. On the last attempt the court was recessed and both attorneys and the court left the presence of the jury to discuss this particular line of interrogation. When the trial resumed defendant moved for mistrial, urging that the continual reference to larger lumber having been used in the reconstruction of the stairway had prejudiced the jury as to deny his client a fair trial.

This same contention was advanced in Montgomery Ward & Co. v. Curtis, 199 Okl. 525, 188 P.2d 199. In that case we acknowledged the rule that evidence of subsequent repairs, to the structure involved in an action for damages, is inadmissible for the purpose of showing primary negligence at the time involved in the action. However, we there held that from admission of such objectionable testimony it did not follow that the judgment necessarily had to be reversed. This because the subsequent repairs had no relation to the physical circumstances at the time of the accident and was too remote in point of time. Admission of the erroneous evidence was held harmless, in view of other evidence sufficient to support the jury's verdict.

In the present case, it is noted that plaintiff neither alleged, nor attempted to establish faulty construction. The allegations of negligence and the supporting proof went only to failure of defendant to maintain the premises, and in allowing the premises to be, and remain in, a dangerous and hazardous condition. It is not demonstrated, nor do we detect wherein, the defendant

was prejudiced to such an extent the trial court abused its discretion in denying the motion for mistrial.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, IRWIN and LAVENDER, JJ., concur.